In the Matter of the Claim of FRANCISCO PEREIRA, Claimant. FRIEDA S. MILLER, as Industrial Commissioner, Respondent; COLUMBUS COUNCIL No. 126 OF THE ORDER OF THE KNIGHTS OF COLUMBUS, Appellant.

Third Department, May 9, 1945.

*Joseph A. McNamara,* attorney for employer-appellant.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General,* and *Francis R. Curran, Assistant Attorney-General* of counsel), for respondent.

*Per Curiam.* This is an appeal by the three trustees of Columbus Council No. 126 of the Order of the Knights of Columbus from a decision of the Unemployment Insurance Appeal Board, dated February 24, 1942, which affirmed an

amended decision of an unemployment insurance referee, dated July 18, 1941, holding that the claimant, Francisco Pereira, was engaged in employment covered by the Unemployment Insurance Law during 1939, awarding him unemployment insurance benefits and holding that the employer is not exempt from tax contributions under the Unemployment Insurance Law (Labor Law, art. 18, as added by L. 1935, ch. 468; present art. 18 added by L. 1944, ch. 705).

Two principal issues are involved, (1) whether Columbus Council No. 126 of the Order of the Knights of Columbus, a subordinate council of the Knights of Columbus, a corporation organized under the laws of the State of Connecticut, or the trustees of Columbus Council No. 126 of the Order of the Knights of Columbus, elected pursuant to the Benevolent Orders Law, is the employer of claimant, and (2) whether the employer was exempt under the provisions of the Unemployment Insurance Law.

We should first examine the charter of the Knights of Columbus. That charter was granted by the General Assembly of the State of Connecticut in 1882. The charter permitted the corporation to exercise the right and privilege of rendering aid to its members and their beneficiaries by way of insurance and otherwise; of rendering assistance to its sick or disabled members; of promoting social and intellectual intercourse among its members; of providing facilities for educational, charitable, religious and social welfare. In order to carry out such purposes the corporation was permitted to accumulate and maintain a reserve fund in such sum and in such manner as it might determine. The corporation was given power to purchase, hold and dispose of property, both real and personal, to make effective its objects. It was given power to sue and be sued. It was given power to adopt a constitution and by-laws, to regulate its membership, to elect officers and define their duties, and things of that nature. Nowhere in its charter is there any provision that this fund shall be used exclusively for religious or charitable purposes. Among other things the charter gives the Knights of Columbus power to establish subordinate councils. Such councils are to be governed by the rules and regulations of the parent organization.

Apparently Columbus Council No. 126 of the Knights of Columbus was organized about 1921. Its by-laws provide that it shall be subject to and governed by the charter, constitution and rules of the parent organization. These by-laws also provide that the objects of the council are to promote the moral

and mental improvement of its members, the purchase and maintenance of buildings for meeting places of its members and other fraternal bodies, the net income to be applied to maintain a home for the relief of its members and their families. The by-laws provide for initiation fees and for dues. One article of the by-laws deals with council funds. It is there provided, among other things, that the funds received may be used to meet insurance assessments made by the parent organization, to loan funds to members who are behind in their dues, to pay the salary of the financial secretary and things of like character. The council, however, seems to be under the control of the parent body and its activities may be controlled by the parent body.

Under date of June 9, 1921, Columbus Council No. 126 of the Order of the Knights of Columbus filed a certificate with the Secretary of State under the provisions of the Benevolent Orders Law. This statute (§§ 2–5) provides that a council of the Knights of Columbus, pursuant to the constitution of the parent organization, may elect trustees who are to be members of the council. The law provides that such trustees may acquire and dispose of the property of the council and generally may manage the temporal affairs of the council. Any vacancy in the membership of the trustees may be filled by the council. The powers of the trustees are governed by the rules and regulations of the council and must be consistent with the rules and charter of the parent organization. A council entitled to file a certificate with the Secretary of State shall be deemed a corporate entity for the purpose of making contracts and incurring liabilities.

It would seem that the trustees are endowed with some corporate powers. They are not, however, a separate entity and must conform to the powers they derive from the council, as well as its directions.

Various powers are given to effect purposes which were not classified as exempt from the Unemployment Insurance Law, and since it cannot be said that the employer of claimant was organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, it was not exempt under the provisions of paragraph (d) of subdivision 3 of section 502 of the Labor Law (now § 560, subd. 4), part of the Unemployment Insurance Law.

It is conceded that the claimant was employed as a night cook in the restaurant operated by the council or the trustees where ten or more employees were working.

The Board found that the employer was the council and that it was not exempt from tax contributions under the Unemployment Insurance Law. That determination is affirmed.

All concur.

Decision affirmed, with costs to the Industrial Commissioner.