In the Matter of EMIL HUBSCH POST No. 596, VETERANS OF FOREIGN WARS OF THE U. S. A., Respondent.
EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, June 29, 1951.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Francis R. Curran* of counsel), for appellant.

*Kenneth C. Schwartz* for respondent.

*Edward Papantonio* for Department of New York, Inc., Veterans of Foreign Wars of the United States, as *amicus curiæ.*

*Samuel W. Birnbaum* for American Legion Department of New York, as *amicus curiæ.*

*Per Curiam.* The Unemployment Insurance Appeal Board has held that the respondent employer is exempt from the payment of unemployment insurance contributions as an unincorporated association organized and operated exclusively for charitable and educational purposes under the Unemployment Insurance Law. (Labor Law, art. 18, § 560, subd. 4.) From this decision the Industrial Commissioner appeals to this court.

It is conceded that the respondent employs more than four persons, and it is conceded that no part of the net earnings of respondent inures to the benefit of any private shareholder or individual. The sole question presented is whether respondent is exempt under the terms of the statute.

The pertinent provision of subdivision 4 of section 560 of the Labor Law is: " Municipal corporations and other governmental subdivisions, and any corporation, unincorporated association, community chest, fund, or foundation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual, shall not be employers liable for contributions under this article ".

The respondent is an unincorporated association, being a local post of the Veterans of Foreign Wars of the United States, with more than 500 members. The national organization, authorized to establish local posts of which respondent is one, was incorporated by an act of Congress in 1936. (U. S. Code, tit. 36, §§ 111–120.) The purposes of the national corporation are therein stated as follows (§ 113): " The purposes of this corporation shall be fraternal, patriotic, historical, and educational; to preserve and strengthen comradeship among its members; to assist worthy comrades; to perpetuate the memory and history of our dead, and to assist their widows and orphans; to maintain true allegiance to the Government of the United

States of America, and fidelity to its Constitution and laws; to foster true patriotism; to maintain and extend the institutions of American freedom; and to preserve and defend the United States from all her enemies, whomsoever.''

The respondent is not incorporated, and as a local post of the national organization, its purposes of organization are dependent upon the powers of the parent corporation. To ascertain those purposes recourse must be had to the act by which it was incorporated, and to that only. (*Matter of De Peyster,* 210 N. Y. 216; *Matter of Beekman,* 232 N. Y. 365; *Matter of Kennedy,* 240 App. Div. 20, affd. 264 N. Y. 691.)

In examining the purposes for which the parent organization was organized it is clear that some of those purposes are charitable and educational. It seems equally clear that some of those purposes are fraternal and social. In fact, the first purpose mentioned in the act creating the parent organization is '' fraternal,'' and further, '' to preserve and strengthen comradeship among its members ''. In the light of such clear and explicit language it cannot be said that respondent is organized *exclusively* for '' charitable * * * or educational purposes ''.

Passing to the operation phase of the statute, it appears that respondent maintains a building at Mount Vernon, N. Y., consisting of a waiting room, reception room, meeting room, bar and grill, a recreation room containing various equipment for games and amusement; a kitchen, a dining room, and a memorial and drum corps room. The gross income from the bar and restaurant for the year ending March 31, 1949, exceeded $50,000. Respondent derives other income from dues of $5 per annum from members and contributions from outside sources. It conducts dances on the premises, and permits its members to use the premises for receptions after weddings.

Unquestionably respondent does very worthy charitable and educational work consisting of donations and assistance to hospitals, financial relief to veterans, entertainment of sick and disabled veterans, promulgating patriotic literature, providing patriotic speakers for various organizations on numerous occasions, and engages in many other commendable activities of charitable and educational nature. Thus, in operation, it also appears without dispute that respondent is engaged extensively in fraternal and social activities and is also engaged extensively in charitable and educational activities. Again, it cannot be said from the undisputed evidence that it was operated *exclusively* for the latter.

Fraternal or social organizations are not exempt from making unemployment insurance contributions, though in fact they make substantial contributions of a charitable and educational nature. (*Matter of Mohawk Mills Assn.* [*Miller*], 260 App. Div. 433; *Matter of Pereira* [*Miller*], 269 App. Div. 218; *Matter of Peters* [*Corsi*], 278 App. Div. 625.)

Briefs filed on behalf of respondent urge that the primary purpose and operation of respondent was for charitable and educational purposes, and that any fraternal or social activities were incidental thereto. The social and fraternal activities are so numerous and attain such proportions that it is futile to contend they are so insignificant that they may be ignored entirely. We are not permitted to weigh the activities in each category to determine which is primary and which is secondary. We are dealing with a statute which exempts only an organization which is '' organized and operated *exclusively* '' for the specified purposes. (Italics supplied.) There is no evidence to sustain such a finding here. We may not add to the statute or delete from it. The statute must be construed in accordance with its clear, concise and unequivocal language.

The decision of the Unemployment Insurance Appeal Board should be reversed, and the initial determination of the Industrial Commissioner reinstated, without costs.

FOSTER, P. J., HEFFERNAN, DEYO, BERGAN and COON, JJ., concur.

Decision of the Unemployment Insurance Appeal Board reversed, on the law, and the initial determination of the Industrial Commissioner is reinstated, without costs.