In the Matter of AUTOKEFALOS ORTHODOX SPIRITUAL CHURCH OF SAINT GEORGE, THE TROPEOPHOROS, et al., Appellants, against CITY OF MOUNT VERNON et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act, petitioners appeal from an order dismissing their petition, on the merits. Order modified on the law by striking from the first ordering paragraph the words "upon the merits" and by substituting therefor "without prejudice to any right of action which the petitioners may have to cancel assessments or to enjoin the collection of tax liens", and as so modified order unanimously affirmed, without costs. If timely instituted, appellants had the right in this proceeding to seek relief if their real property was, as alleged, exempt from taxation by reason of the provisions of subdivision 6 of section 4 of the Tax Law. (*Matter of State Ins. Fund* v. *Boyland,* 282 App. Div. 516.) The petition was grounded on the contention that respondents acted without jurisdiction. The orders in the former proceedings to review assessments for the years prior to 1949, and the judgment in the action to foreclose such liens, were not *res judicata* here and the failure to reply to the allegations of the defenses did not warrant dismissal of the petition on the pleadings as to appellant church. (Cf. *People ex rel. Hilton* v. *Fahrenkopf,* 279 N. Y. 49, and *People ex rel. Western N. Y. & Pa. Ry. Co.* v. *State Bd. of Tax Comrs.,* 256 App. Div. 104, 107, affd. 281 N. Y. 639.) Neither did the failure to reply to such defenses justify the dismissal of the petition as to appellant foundation. The defenses did not allege that there had been any sale under the judgment in the action to foreclose the tax liens. Until sale, appellants were the owners. (Cf. *Prudence Co.* v. *160 W. 73rd St. Corp.,* 260 N. Y. 205, 211, and *Trimm* v. *Marsh,* 54 N. Y. 599, 605.) However, while a proceeding such as was here instituted was open to the appellants and was not controlled by the provisions of article 13 of the Tax Law (§ 290 *et seq.*), on its face the petition shows that it was not commenced within four months from what are alleged to have been demands duly made upon respondents for performance of their duty enjoined by law (Civ. Prac. Act, § 1286). Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ.