J. Clarence Herlihy, J.
This action is brought by plaintiff, a corporation organized pursuant to the Membership Corporations Law of the State of New York, to recover taxes paid under protest for the year 1956. As appears from its corporate name and statement of purposes, plaintiff is devoted exclusively to activities for the benefit of, or at least in connection with, the Plattsburgh State Teachers College, and from its inception up to the present time, its officers and directors have been members of the faculty of said Plattsburgh State Teachers College.
The complaint alleges that the plaintiff is the owner of certain real property, situated at 121-123 Court Street in the city of Plattsburgh, which the complaint further alleges is being used exclusively for educational purposes and that it therefore is entitled to an exemption from the school taxes of the City of Plattsburgh School District, the defendant herein. It appears that an application -for such exemption was made during 1956 which request was denied by the defendant Board of Education and the plaintiff paid, under protest, taxes in the sum of $150.71 to the collector for said school district. This action is brought to recover said sum of $150.71 which plaintiff claims was paid under protest under an allegedly erroneous assessment and by implication asks the court to find that the plaintiff is exempt from taxes upon the ground that it comes within the provision of subdivision 6 of section 4 of the Tax Law, which specifically exempts from taxes the real property of a corporation or association organized exclusively among other things for educational or benevolent purposes and used exclusively for carrying out such purposes.
The evidence presented at the trial shows that the plaintiff, which was incorporated in 1945, has- as its purposes the following:
“ To create, manage and control a fund to be known as the Plattsburgh State Teachers College Benevolent and Educational Fund, and for this purpose, to purchase, acquire and hold real *899 and personal property; to be authorized and empowered to receive bequests and gifts, or loan funds from organizations such as civic organizations; the principal of such funds or bequests or the income derived therefrom to be transferred to the Plattsburgh State Teachers College, the State of New York, or the New York State Dormitory Authority, or devoted to any purpose in connection with the welfare of students and faculty, as the donor or the Plattsburgh State Teachers College Benevolent and Educational Association may indicate; such funds to be devoted to student scholarships, student loan funds, or other financial assistance to students, or such other purpose as may be of benefit to the students, the college in general, or the Alumni Association, all, however without interest or other charges; to engage in such activities as shall be calculated to heighten and enrich the physical, mental, social and moral life of the students of the Plattsburgh State Teachers College; to foster a fraternal spirit and esprit de corps among the alumni and students of the Plattsburgh State Teachers College and the former Plattsburgh State Normal School; to prepare and publish from time to time as may seem desirable, an alumni record or directory, and if feasible, to publish from time to time an alumni bulletin or letter in the interests of the college, students and alumni; to assist and promote the interests of the Plattsburgh State Teachers College generally by stimulating a community consciousness and interest in the Plattsburgh State Teachers College.”
The certificate was amended in 1950 by adding the following:
“ To aid young men and women who are students at the State Teachers College at Plattsburgh, by assisting them in every possible way in their work, student living and extracurricular activities and generally to exercise such powers as are permissible under the membership corporation laws of the State of New York and to exercise no powers inconsistent in any way with the laws of the State of New York.”
The real property in question consists of a house with four apartments and three garages, which are rented by the plaintiff at the present time to members of the faculty of the Plattsburgh State Teachers College for rentals of $80 per month without a garage and $85 per month with garage. The property was purchased by the plaintiff in 1955 for the sum of $26,000 with a cash payment of $10,000 and a purchase-money mortgage given for the balance. Extensive alterations and improvements were made to the property in order to create four apartments out of what had originally been a duplex house.
*900 The rentals received from the property hdve kéfeh fipplied tówárd payment of the host of improvements and repairs and payment df the principal and interest on the purchase-money mortgage. Presumably the profit, if any, from operation of the property would eventually find its way into one of the various purposes set forth in the certificate of incorporation, all of which are directly or indirectly designed to benefit students of the college or to develop interest among its alumni.
However, it seems obvious that the property for which a tax exemption is sought herein is not in any way used for ‘ ‘ educational ” purposes. It is not owned or controlled by the Plattsburgh State Teachers College or the State of New York. There are no restrictions other than self-imposed “policy” on the part of the plaintiff as to who can be tenants of the apartments or garages in question nor is there any limitation upon the amount of rents which may be charged or to which of the various purposes of the plaintiff, the profit, if any, from operation of the property may be applied. These purposes include among others ‘ ‘ to foster a fraternal spirit and esprit de corps among the alumni and students of the Plattsburgh State Teachers College and the former Plattsburgh State Normal School; to prepare and publish from time to time as may seem desirable, an alumni record or directory, and if feasible, to publish from time to time an alumni bulletin or letter in the interests of the college, students and alumni; to assist and promote the interests of the Plattsburgh State ■Teachers College generally by stimulating a community consciousness and interest in the Plattsburgh State Teachers College.”
The plaintiff urges that it is entitled to exemption from taxation pursuant to subdivision 6 of section 4 of the Tax Law in that it provides housing for faculty members in an area in which housing is difficult to obtain and that it therefore aids the college in obtaining faculty members. While the contention of plaintiff may be true in this regard, it does not appear that the obligation thus self-imposed of providing for faculty members is one which could not be carried on just as well by the college itself or by the State of New York. While it is true that the college may be said to benefit from the fact that housing is made available, this does not in and of itself qualify the plaintiff as an educational organization. The meritorious purpose of the members of the plaintiff corporation is not questioned, however the court cannot extend by implication the clear mandate that tax exemptions must be strictly construed and all doubts resolved against the exemption. (People v. Brooklyn Garden Apts., 283 N. Y. 373, 380.)
*901 An examination of the purposes and activities of the plaintiff reveals some activities which are quasi-benevolent in character, such as providing recreational and hospitalization facilities for the students of the college and providing loans for students who are in need. The publication of an alumni directory or news letter, while of general interest to the college and its alumni, can hardly be said to be “educational” or “ benevolent ”.
It would serve no purpose to review the many authorities concerning the tax exempt status of dormitories or other buildings owned by a college, including property off the campus, if the same is used by a tax exempt institution in housing its students or faculty. (People ex rel. Clarkson Mem. Coll. v. Haggett, 274 App. Div. 732, which affd. the decision of the late Justice Imrie, granting such exemption, 191 Misc. 621.)
However, in People ex rel. Cornell Univ. v. Thorne (184 Misc. 630) tax exemption was denied to the university for property consisting of a fraternity house built upon land owned by the university but over which the university did not exercise control other than having a right to terminate the occupancy upon reimbursing the fraternity for the value of the building erected on the land. The test set down by the court in the Cornell University case would seem to fit the instant case. The court at page 632 sets forth the requirement that the relator own the property and that it be used exclusively for carrying out its purposes. (People ex rel. D. K. E. Soc. v. Lawler, 74 App. Div. 553, 556.)
In the instant case, it does not appear necessary to determine whether some of the purposes of the plaintiff are educational or benevolent in character since it is obvious that some of its purposes are not, and the statute clearly indicates that the tax exemption relates only to corporations or organizations organized exclusively for such purposes. In order to be entitled to tax exemption, it would appear that the plaintiff must bring itself within the statutory class upon its own merits and not in reliance upon the functions of the Plattsburgh State Teachers College. Since the college itself does not own or control the property in question, its functions cannot place a cloak of tax immunity over the plaintiff.
While it is true that the statute should not be so strictly construed as to defeat or frustrate the purposes of the exemption (People ex rel. Clarkson Mem. Coll. v. Haggett, 191 Misc. 621, 623) the exemption likewise cannot be extended by implication to taxpayers who do not come within the favored group.
*902 In the Clarkson case, the so-called “ Graves House ” was not exempt from taxation although it was owned by the college and leased to a Mrs. Bostick who used it for a boarding house, the lease providing that the roomers and boarders be confined to Clarkson students and/or faculty only.
The defendants contend that the plaintiff is not a nonprofit corporation by reason of the fact that the property in question is located in an area of increasing values and that upon dissolution of the corporation, a benefit would accrue to the members upon sale of the property. This objection at first glance appears to be valid. However, the courts have sustained exemptions of property of various types of membership corporations which presumably could likewise dissolve and sell their property at a profit to the members. Such exemptions have been granted in favor of a philatelic society (see Matter of Collectors Club v. Boyland, 309 N. Y. 917): a nonsectarian student house established by a missionary society (Matter of New York Baptist City Soc. v. Boyland, 3 N Y 2d 829) and a Little Theatre Group (Matter of Little Theatre v. Hoyt, 7 Misc 2d 907, affd. without opinion 4 A D 2d 853).
While the activities of the plaintiff may compare favorably with those of many exempt organizations, the court cannot extend by implication the benefits of the statute.
Property of an exempt corporation is not exempt from taxation where it is held as an investment even though the income be used for a corporate purpose. (People ex rel. Frick Collection v. Chambers, 196 Misc. 1026, affd. 276 App. Div. 891.)
The rentals charged by the plaintiff to its tenants appear to be substantial and no proof was introduced tending to show that the rentals were below the average in the locality in question for similar accommodations. In fact the proof adduced on behalf of defendant tended to show that the rents were comparable to those charged for similar apartments in the area.
It is true that plaintiff presented testimony to the effect that the apartments in question are rented to faculty members for a period of one year or for a probationary period and that special dispensation is required for an extension. This policy, however, is entirely within the control of the plaintiff and does not serve to strengthen its claim to tax exemption as a corporation organized exclusively for educational purposes.
Even the property of a corporation which is exempt from real estate taxes must be taxed for the proportionate part of such property which is being used for income-producing purposes. (Matter of Syracuse Y. M. C. A., 126 Misc. 431.)
The court finds upon the evidence submitted that the plaintiff *903 corporation is not presently entitled to an exemption since it is not organized exclusively for one of the exempt purposes set forth in subdivision 6 of section 4 of the Tax Law; that the real property is not being used for any such exempt purpose, nor is it owned by a corporation entitled to exemption. By reason of the plaintiff’s failure to qualify upon such grounds, the complaint is dismissed, with costs.
Submit findings of fact, conclusions of law or order.