Howard T. Hogan, J.
This is a proceeding brought under article 13 of the Tax' Law to review the tax assessment levied on petitioner’s real property situated at 13 Hicks Lane, Great Neck, New York, and for an order canceling such assessment on the ground that said real property is exempt from taxation, under subdivision 6 of section 4 of said Tax Law. Petitioner, believing itself aggrieved by such assessment, has made due application for correction, which application has been denied by the respondent.
The aforesaid statute provides for the exemption from taxation of the real property of a corporation organized exclusively for the moral or mental improvement of men and women, for religious, benevolent, charitable, educational purposes and the like. Upon the trial of this proceeding, it was proven to the complete satisfaction of the court that the subject property is being used for the meetings and classes of a “ Golden Age ” club for older persons, regardless of their nationality, religion or color, at which interest in painting, sculpture, ceramics, rug making, sewing, etc., is fostered, discussion groups are conducted and classes are held in English and current events, all without charge. The Great Neck Board of Education is utilizing the premises also without charge, to conduct portions of its adult education program. These activities are supported by public contributions and the dues of the members of the peti-. ■tioner corporation, none of whom receives any compensation for their services. The court finds, in short, that the property is being devoted solely to the mental improvement of men and women and for charitable, benevolent and educational purposes, and not for material gain.
However, it is settled beyond dispute that the right of a corporation to exemption must be determined not from its activities but solely from its articles of incorporation. If any of its powers are not among those enumerated in subdivision 6 of section 4 of the Tax Law, it is not entitled to tax exemption (Matter of Beekman, 232 N. Y. 365, 368; Matter of Kennedy, 240 App. Div. 20, 25).
In examining the powers set forth in the certificate of incorporation the court must be bound by the general policy of the law that all must bear in just proportion the burdens of government and, therefore, statutes exempting property from taxation must be strictly construed (Matter of Kennedy, supra, p. 23).
*144 Petitioner’s certificate of incorporation sets forth the purposes for which it is formed as follows (in part): “ To promote the purposes, ideals and program of the National Council of Jewish Women, Inc.,; to bring about a closer fellowship among Jewish women-, to further united efforts in behalf of Judaism; to foster a program devoted to community affairs, social welfare, education and international understanding for peace.”
The purposes of the National Council of Jewish Women, Inc., as expressed in its certificate of incorporation and incorporated in the petitioner’s by reference, are as follows: “to further united efforts on behalf of Judaism by supplying means of study; by an organic union to bring about closer relations among Jewish Women; to furnish a medium for interchange of thought and a means of communication and of prosecuting worlc of common interest; to further united efforts in the work of social betterment through Religion, Philanthropy and Education, and such other charitable, benevolent or educational purposes as are permitted by law.” (Emphasis supplied by the court.)
I have been unable to find any definition of “ fellowship ” which carries with it a religious, moral or charitable connotation. Nor, as used by petitioner, does it relate in any way to the field of education. Funk and Wagnalls New Standard Dictionary (1956 ed.) at page 907, defines it as follows: “ 1. The state of being a companion or fellow; association; communion; friendly intercourse; as, the fellowship of students. * * * 2. The condition of being sharers or partakers; community of interest, condition or feeling; joint interest or experience; as fellowship in prosperity or adversity. 3. A body of persons associated' by reason of a community of taste, views or interests; a band; company. ’ ’
Nor does the purpose stated in the parent charter, to bring about closer relations among Jewish women by an organic union, satisfy the express provisions of the statute.
What are the purposes of these closer relations and closer fellowship 1 This broad, general language could encompass social and fraternal activities and objectives. No interpretation, no matter how strained, could limit them exclusively to religious, charitable, patriotic or educational aims. The same may be said for the stated purpose of furnishing ‘ ‘ a medium for interchange of thought and a means of communication and of prosecuting work of common interest. ’ ’
This last purpose might conceivably be held to be “ an embellishment or adjunct to the successful maintenance and development of” the petitioner’s religious, charitable and educational program (People ex rel. Untermyer v. McGregor, 295 N. Y. *145 237, 244). However, the same cannot be said for the purpose of encouraging a closer fellowship among Jewish women.
Regardless of the true nature of the activities carried on by the petitioner, the broad scope of its articles of incorporation does not limit it to those activities which are enumerated in the statute. Accordingly, petitioner has failed to meet the test set forth in Matter of Beekman (supra).
As was said in Plattsburgh State Teachers Coll. Benevolent é Educ. Assn. v. Barnard (9 Misc 2d 897, 902): 1 ‘ While the activities of the plaintiff may compare favorably with those of many exempt organizations, the court cannot extend by implication the benefits of the statute.”
In Matter of Emil Hubsch Post, V. F. W. (Corsi) (278 App. Div. 460) it was said (p. 463): “ We are not permitted to weigh the activities in each category to determine which is * * * secondary. We are dealing with a statute which exempts only an organization which is ‘ organized and operated [sic] exclusively ’ for the specified purposes. * * * There is no evidence to sustain such a finding here. We may not add to the statute or delete from it. The statute must be construed in accordance with its clear, concise and unequivocal language.”
In People v. Brooklyn Garden Apartments (283 N. Y. 373) the court held (p. 380): “ Tax exemptions, however, are limitations of sovereignty and are -strictly construed. * * * 1/ ambiguity or uncertainty occurs, all doubt must be resolved against the exemption.” (Emphasis supplied.)
The court, therefore, most reluctantly concludes that the express language of petitioner’s charter bars it from the benefits conferred by subdivision 6 of section 4 of the Tax Law. Accordingly, the petition is dismissed, without costs.