Felix J. Aulisi, J.
The plaintiff in this action seeks judgment against the defendants declaring void and illegal the assessment placed against that portion of its premises located at No. 21 Church Street in the City of Amsterdam, N. Y., which is referred to as its clubhouse. It contends that said clubhouse is exempt from taxation by virtue of subdivision 2 of section 420 of the Real Property Tax Law and former subdivision 6 of section 4 of the Tax Law which was in effect until October 1,1959, and which was superseded by the Real Property Tax Law above mentioned.
I am not satisfied by the evidence in this case that the plaintiff is entitled to exemption. As desirable as it might be to generously and liberally construe tax exemption for clubs whose purposes are meritorious, we cannot overlook the constant and ever-increasing tax burdens upon owners of real property. We must be satisfied not only that the plaintiff was organized exclusively for charitable and benevolent purposes but also that its operations carry out the intent of the incorporation.
The plaintiff is a domestic membership corporation and on its premises above mentioned there is a three-story building which contains a reception room, kitchen, gift shop, sun parlor, five bedrooms and other rooms. The bedrooms are leased to tenants and the other rooms are used by the plaintiff for its meetings and other functions, and also rented out to other organizations for their meetings and/or social and recreational use.
Exemption is urged on the ground that plaintiff “ was created for the purpose of moral and mental improvement of women and girls in the City of Amsterdam, New York and that a portion of its activities are also devoted to educational and charitable or benevolent purposes ”. It also declares that the exempt status of the property of the plaintiff from taxation must be determined from its certificate of incorporation, its by-laws and its use of the premises.
Plaintiff’s certificate of incorporation states that the purpose for its formation is: “ That such club was organized for the purpose of providing, as far as possible, for the happiness and development of its members and to create a center where enjoyment, friendship and opportunities of improvement can be found.” An examination of the by-laws reveals that its object is as follows: “ The Club is an organization formed among women and girls, to secure by cooperation, means of self improve *1098 ment, opportunities for social intercourse, moral improvement and the development of higher, nobler aims, and of service to the community. It shall be the object of this club to advance in every possible way the happiness and well being of its members and to provide a center where the means of enjoyment and opportunities for improvement may be found. It shall be governed By the members, For the members and shall strive to be self-supporting. ’ ’
It is my opinion that this language is rather broad and general and could encompass social and fraternal activities and objectives. No interpretation, no matter how strained, could limit them exclusively to religious, charitable, patriotic or educational aims (Matter of Great Neck Section, Nat. Council of Jewish Women v. Board of Assessors, 21 Misc 2d 142).
Even though it is assumed that no other interpretation can be given the articles of incorporation and the by-laws than that it is exclusively organized for charitable, benevolent or educational purposes and for the moral and mental improvement of women and girls, the actual operation might be completely different, thereby destroying the exempt status of the corporation. To determine the purpose for which such real property is used must necessarily require an investigation after the date of the certificate of incorporation and outside of the language of the law under which the corporation is organized. Actual use might not correspond with the declared use stated in the certificate (Matter of Corporation of Yaddo v. City of Saratoga, 216 App. Div. 1).
And, conversely, regardless of the true nature of the activities carried on by the plaintiff, if the articles of incorporation and by-laws do not limit it to those activities which are enumerated in the statute, the corporation is not entitled to a tax exemption (Great Neck Section, Nat. Council of Jewish Women v. Board of Assessors, supra).
Therefore, a reasonable compliance would mean that not only must the plaintiff’s articles of incorporation and by-laws admit of no construction other than strict adherence to the activities enumerated in the statute, but further, that actual use and operation must correspond and agree with the declared use stated in the certificate and by-laws. I do not think that this test has been met by the plaintiff.
On the proof developed at the trial of this matter, it was shown that the plaintiff awarded three scholarships of $100 each in 1959. No other proof was introduced to show how plaintiff was organized exclusively for the moral and mental improvement of women and girls or for charitable, benevolent or edu *1099 cational purposes. There is no evidence here to sustain such a finding.
The court in People ex rel. D. K. E. v. Lawler (74 App. Div. 553, 557) stated: 44 The adverb 4 exclusively ’ is defined by
lexicographers to mean 4 with the exclusion of all others; without admission of others to participation ’ (Cent. Dict.); and, with this definition in mind, it is apparent that the partial or occasional use of the relator’s chapter house for literary, educational or scientific purposes is not sufficient to sustain its claim to exemption, unless it can be said that such purposes are primary and inherent, while all others are secondary and incidental; for although we ought not, perhaps, to give the word 4 exclusively ’ an interpretation so literal as to prevent an occasional use of the relator’s property for some purpose other than one or more of those specified, yet the policy of the law is to construe statutes exempting property from taxation somewhat rigidly, and not to permit such exemption to be established by doubtful implication. In other words, the legislative intent to exempt any property from taxation can never be presumed, but must always be expressed in language so clear as to admit of no argument.” (People ex rel. Mizpah Lodge v. Burke, 228 N. Y. 245.)
It is quite apparent that the almost exclusive nature of the plaintiff is to rent and lease its property to others, and of course, this destroys the nature of the use for the purposes of its own organization. The meaning of the Tax Law is that if rents, profits or income are derived from the property no exemption may be claimed. It is the exclusive use of its real estate for carrying out thereupon one or more of the purposes of the incorporation of the plaintiff which confers the right of exemption, and not the benefits accruing to it and its useful work from the income derived from others in consideration of their use of the real estate for their purposes (People ex rel. Young Men’s Assn. v. Sayles, 32 App. Div. 197).
The grant of an exemption from taxation rests upon the theory that such exemption will benefit the body of the People and not upon any idea of lessening the burdens of the individual owners of property. An arbitrary exemption merely to favor a particular class in the community when no public good is or may be thought to be involved is not permissible. The right to grant tax exemptions in favor of private enterprises conducted for recreation, exhibition, or entertainment purposes, or of the property of the insane, idiotic or infirm persons without regard to their actual ability to pay has been held unconstitutional.
The constitutionality of statutes exempting from taxation property of charitable, benevolent, religious or educational *1100 institutions, used for the purpose for which the institutions are established, is almost universally upheld, on the ground that such institutions perform a work which would otherwise have to be carried on by the public at the expense of the taxpayers, and that the exemptions of such institutions from taxation lessen rather than increase the burden upon other taxpayers (51 Am. Jur., Taxation, p. 510).
It is with some reluctance that for the above reasons I must conclude that the plaintiff is not entitled to the relief sought and its complaint must be dismissed, without costs, and judgment may be entered accordingly.