Scileppi, J. (dissenting).
The issue on summary judgment relates to the extent to which a membership corporation, organized for religious purposes, can include recreational activities within its general religious purposes and still qualify for a tax exemption.
Gospel Volunteers, Inc. owns and operates a summer camp on the shores of Lake Pleasant, known as Camp-of-the-Woods, and a smaller island camp in the middle of the lake, known as Camp Tapawingo. For the past several years the village has exempted from taxation those portions of plaintiff’s land used for a chapel, auditorium and homes for visiting missionaries and has carried the residue on its assessment rolls. Plaintiff has paid these taxes under protest and now brings this action seeking a refund of taxes already paid and a total exemption under section 420 of the Beal Property Tax Law. Plaintiff’s motion for summary judgment on the relief requested was granted below and affirmed on appeal to the Appellate Division, both courts holding that plaintiff was formed exclusively for religious purposes and used the subject property exclusively for exempt purposes.
Section 420 of the Real Property Tax Law provides that an exemption may be granted only where the real property is “ owned by a corporation or association organized exclusively for * * * religious, bible, tract * * * [or] missionary * * * purposes * * * or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes ” (Real Property Tax Law, § 420, subd. 1). *625 Qualification, therefore, is said to be founded upon three separate requirements: (1) that the corporation or association be organized exclusively for the purposes enumerated in section 420; (2) that the property itself be used primarily in furtherance of those purposes; and, (3) that no pecuniary profit inure to the benefit of any of its officers. Should the corporation or association not be so organized, none of its property is entitled to a tax exemption (Matter of Pace Coll. v. Boyland, 4 N Y 2d 528; Matter of Board of Educ. of City of Jamestown v. Baker, 241 App. Div. 574, affd. 266 N. Y. 636; Matter of Chautauqua Inst. v. Town of Chautauqua, 35 A D 2d 1, mot. for lv. to app. den. 27 N Y 2d 485). Should it be so organized, then that portion which is used exclusively for carrying out tax exempt purposes is exempt, while that portion devoted to nonexempt purposes is taxable (Matter of Chautauqua Inst. v. Town of Chautauqua, 35 A D 2d 1, mot. for lv. to app. den. 27 N Y 2d 485, supra; Greater N. Y. Corp. of Seventh-Day Adventists v. Town of Dover, 29 A D 2d 861, app. dsmd. 23 N Y 2d 682).
Aware that exempt corporations also need funds to remain going concerns (Murdock v. Pennsylvania, 319 U. S. 105, 111), we have in the past sought to give a liberal meaning to the words ‘ ‘ exclusive use ’ ’ in the hope of avoiding an interpretation so narrow and literal as to defeat the statute’s well-settled purposes, to foster and protect religious and educational institutions (People ex rel. Watchtower Bible & Tract Soc. v. Haring, 8 N Y 2d 350, mot. for rearg. den. 9 N Y2d 688). Accordingly, “ exclusive ” is said to connote “ principal ” and it is sufficient to warrant exemption that the primary use of the subject property be in furtherance of permitted corporate purposes (People ex rel. Untermeyer v. McGregor, 295 N. Y. 237; People ex rel. Watchtower Bible & Tract Soc. v. Haring, 8 N Y 2d 350, mot. for rearg. den. 9 N Y 2d 688, supra). Where the property is so used, the fact that it is. also put to nonexempt uses, those uses which serve as “ an embellishment or adjunct to the successful maintenance and development of the whole project ” (People ex rel. Untermeyer v. McGregor, 295 N. Y. 237, 244, supra), will not destroy the exemption (People ex rel. Watchtower Bible & Tract Soc. v. Haring, 8 N Y 2d 350, mot. for rearg. den. 9 N Y 2d 688, supra; Matter of St. Luke’s Hosp. v. Boyland, 12 N Y 2d 135, 143; Greater N. Y. Corp. of Seventh-Day Adventists v. Town of Dover, 29 A D 2d 861, app. dsmd. 23 N Y 2d 682, supra).
*626 Construing the statute so as to permit it to serve the purposes in view (People ex rel. Seminary of Our Lady of Angels v. Barber, 42 Hun 26, affd. 106 N. Y. 669), we have upheld the exemption on a farm operated by the Jehovah’s Witnesses, though between 5% and 10% of the farm products were sold on the open market at a profit, and a large profit was derived from the sale of various types of religious literature (People ex rel. Watchtower Bible & Tract Soc. v. Haring, 8 NY 2d 350, supra). Again, in Christian Camps, Inc. v. Village of Speculator (275 App. Div. 868, mot. for lv. to app. den. 301 N. Y. 813), a nonprofit boys’ camp, open eight weeks during the summer, was found to be exempt. Unlike the situation present here, however, in that case the evidence showed that advertising was limited to a register of Christian camps; that the camp was operated at a loss, and, at best, was a modest enterprise, devoted to a rigid program of instruction in Christian doctrine, and only incidentally to recreation.
Nor, as the Appellate Division seems to have concluded, is the case of Greater N. Y. Corp. of Seventh-Day Adventists v. Town of Dover (29 A D 2d 861, app. dsmd., 23 N Y 2d 682, supra) dis-positive. The property in that case, consisting of a cafeteria, cabins, farmhouse, tennis courts, lake frontage, a golf course and pool, was maintained primarily as a spiritual retreat for members of a particular sect, not open to the general public, and thus, properly held to be exempt. The mere existence and use of facilities for physical education and general recreation does not work to disqualify a religious camp site from tax exemption (see People ex rel. Watchtower Bible & Tract Soc. v. Haring, 8 N Y 2d 350, mot. for rearg. den. 9 N Y 2d 688, supra). On the other hand, in the case at bar, the undisputed facts show that Camp-of-the-Woods is a highly developed and profitable commercial enterprise, open to the public, and it is at least a triable issue of fact as to whether all of the camp’s purposes are incidental to its professed purposes.
Other cases have denied an exemption where the property has not been used exclusively for purposes prescribed by section 420. For example, in Matter of Emil Hubsch Post, V.F.W. (Corsi) (278 App. Div. 460, affd. 303 N. Y. 682), an exemption from payment of unemployment insurance under then section 560 of the Labor Law was sought by a patriotic and fraternal organization which admittedly performed various charitable and *627 educational functions, but which also engaged in activities of a social and commercial nature, including catering and the operation of recreational facilities. These enterprises, quite apart from any charitable and educational undertakings, also generated a large gross income. Again, a lack of exclusivity was stressed, and the application denied (see, also, People ex rel. Mizpah Lodge v. Burke, 228 N. Y. 245; Plattsburgh Coll. Assn. v. Barnard, 9 Misc 2d 897).
However, ‘ ‘ Exemption from the general property tax is not conditioned upon whether an enterprise is profitable ’ ’ (Matter of Semple School for Girls v. Boyland, 308 N. Y. 382, 387). And as we noted in People ex rel. Watchtower Bible & Tract Soc. v. Haring (8 N Y 2d 350, 355, supra), “ [i]t is a new and inadmissible idea that an organization not organized for profit but for religious or educational purposes loses its status as such because out of the sale of books and pamphlets it makes a first profit which goes into its capital funds or because the distributors of the books make a tiny gain therefrom ” (see, also, Matter of Semple School for Girls v. Boyland, 308 N. Y. 382, 387, supra). Nevertheless, on the present facts, it is at least arguable that, despite its certificate of incorporation, Camp-of-the-Woods is actually engaged in activities more properly termed recreational than religious. That profits are plowed back into capital funds or are disbursed for actual operating expenses, repair, modernization or improvement of existing facilities is of no moment if the primary uses to which the property is put are nonexempt. The threshold question of whether ‘ ‘ use ’ ’ is consonant with ‘ ‘ purpose ’ ’, even incidentally, must first be decided.
Furthermore, though an exemption is not conditioned upon whether the enterprise is profitable, the existence of profits is certainly relevant to a determination of whether the question is in fact a guise for profit, especially where, as here, there is difficulty in accounting for profits accrued. Included among its purposes, Gospel Volunteers, Inc. professes to support missionaries in the field as well as other similar religious organizations. While there is no requirement that all profits be so applied, the burden is still on the party seeking an exemption to account for the disposition of the residuum; and upon his failure to do so, the exemption should be denied (Matter of Semple School for Girls v. Boyland, 308 N. Y. 382, 387, supra). Clearly, that the taxing authority has failed to establish that the profits do in fact *628 accrue to any individual, or that any individual has a right to the property of the corporation or that profits are used for other than the purported purposes, does not relieve the one seeking tax exemption from that burden. The matter should have been permitted to proceed to trial.
Accordingly, the order appealed from, insofar as it granted summary judgment to the plaintiff, should be modified and the matter be permitted to proceed to trial.
Order affirmed.