■ In the Matter of GLICKENHAUS FOUNDATION, Appellant, v. BOARD OF ASSESSORS OF THE TOWN OF WAWARSING, Respondent.— Appeal from consolidated judgments of the Supreme Court, Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul, set aside and cancel the determination of the respondent that petitioner pay State, county, town and school taxes for the year 1970–71 imposed by respondent against the premises owned by petitioner and of the Supreme Court, Sullivan County, entered upon a decision of the court dismissing petitioner's application in a proceeding pursuant to article 7 of the Real Property Tax Law to review assessments made against petitioner's property by respondent. On April 28, 1969 appellant, a not-for-profit corporation organized and existing under the laws of the State of Delaware and registered with the Secretary of State of New York as a charitable corporation, purchased real property located in the Town of Wawarsing in the County of Ulster, New York constituting of eight buildings and about 76 acres. This property was purchased specifically for use by the Renaissance Project, Inc., a not-for-profit corporation organized and existing in accordance with New York law as a residential facility for the education of

individuals on the adjustment to community life as a nonuser of narcotic and other dangerous drugs, and the property and all the buildings, have, since their purchase, been used for this purpose. Appellant did not, however, follow the procedure specified in article 5 of the Real Property Tax Law for obtaining tax exemption under section 420 of the Real Property Tax Law, and the respondent accordingly assessed the property and appellant was billed for appropriate taxes for the year 1970–71 based thereon. Appellant in the instant proceeding seeks to have the assessment canceled. While appellant is precluded from reviewing the assessments under article 7 of the Real Property Tax Law pursuant to the provisions of section 702, review is still available in a declaratory judgment action or under CPLR article 78 where, as here, the assertion is that the taxing authority lacked jurisdiction to make the assessment (*Dun & Bradstreet* v. *City of New York*, 276 N. Y. 198; *Town of Harrison* v. *County of Westchester*, 25 A D 2d 759; *Matter of Autokefalos Orthodox Spiritual Church of St. George* v. *City of Mount Vernon*, 283 App. Div. 801; 24 Carmody-Wait, 2d, New York Practice, § 146.13). Section 420 provides a mandatory exemption if its provisions are met and thus the issue is clearly jurisdictional (see *People ex rel. Erie R. R. Co.* v. *State Tax Comm.*, 246 N. Y. 322). However, as Special Term, Sullivan County, pointed out in its decision testimony must be taken at a trial to determine whether appellant's organization actually functions consistently with the purposes spelled out in its certificate of incorporation (*Goodwill Club of Amsterdam, N. Y.* v. *City of Amsterdam,* 31 Misc 2d 1096, 1098). Only if it is found that appellant's organization functions consistently with the purposes spelled out in its certificate, should it be declared to meet the requirements for tax exempt status under section 420 of the Real Property Tax Law, and be entitled to have the assessment annulled. Judgment, Supreme Court, Ulster County, reversed, on the law and the facts, and matter remitted for further proceedings not inconsistent herewith, without costs. Judgment, Supreme Court, Sullivan County, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Simons and Reynolds, JJ., concur.