■ In the Matter of JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICE, INC., Respondent-Appellant, v ROBERT L. SHAFFER, as Assessor of the Town of Mount Pleasant, et al., Appellants-Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel Robert L. Shaffer, Assessor of

the Town of Mount Pleasant, to restore the exemption from taxes as to a certain parcel of petitioner's real property, the parties cross-appeal from a judgment of the Supreme Court, Westchester County, dated February 27, 1980, which, after a hearing, granted the petition but denied petitioner interest, costs and disbursements. Judgment affirmed, without costs or disbursements. Petitioner is the owner of a 256-acre parcel in the Town of Mount Pleasant, on which it conducts a school devoted to the treatment and education of socially deviant and delinquent youths. The main issue in this proceeding is the tax-exempt status of an underdeveloped 104-acre portion of petitioner's land (see Real Property Tax Law, § 421). Special Term correctly held the 104-acre parcel to be exempt from taxation. Petitioner adduced ample evidence at the hearing that the subject parcel was at all relevant times utilized for purposes such as camping, hiking and walks by students in the company of social workers, environmental appreciation, survival training, and the collection of animal specimens for science classes, all of which constituted an integral part of petitioner's educational program (see *Order Minor Conventuals v Lee,* 64 AD2d 227; *University Auxiliary Servs. at Albany v Smith,* 78 AD2d 959, 960; *Matter of Mary Immaculate School of Eagle Park v Wilson,* 73 AD2d 969; *Greater N.Y. Corp. of Seventh-Day Adventists v Town of Dover,* 29 AD2d 861, app dsmd 23 NY2d 682). The fact that the petitioner had granted a commercial developer a three-year option to purchase the 104-acre parcel does not alter our conclusion. Aside from the fact that the option had expired unexercised some two years before the subject parcel was placed on the tax rolls, the record indicates that petitioner continued to utilize the parcel for educational purposes throughout the life of the option. We note additionally that a proceeding pursuant to article 7 of the Real Property Tax Law was not the sole remedy available to petitioner and that this proceeding pursuant to CPLR article 78 was a permissible vehicle for review of the assessor's determination (see *Matter of Glickenhaus Foundation v Board of Assessors of Town of Wawarsing,* 40 AD2d 1059, 1060; *Dun & Bradstreet v City of New York,* 276 NY 198, 206-207). With regard to the petitioner's cross appeal, in the absence of any statutory provision requiring an award of interest, costs and disbursements in a proceeding of this type (see CPLR 5001, subd [a]; 5002, 5003, 8101, 8301, subd [a]), the denial of these awards to petitioner was a proper exercise of Special Term's discretion. Contrary to petitioner's suggestion, section 3-a of the General Municipal Law does not authorize or require an award of interest, but merely imposes upper limits on the rate of interest which may be charged upon judgments or accrued claims against a municipal corporation under appropriate circumstances. Mollen, P.J., Hopkins, Titone and Weinstein, JJ., concur.