■ In the Matter of HEALTH INSURANCE PLAN OF GREATER NEW YORK, Respondent, v EDWARD V. SULLIVAN, as Assessor of the Town of Brookhaven, et al., Appellants, and THREE VILLAGE CENTRAL SCHOOLS OF THE TOWNS OF BROOKHAVEN AND SMITHTOWN, Intervenor-Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Assessment Review for the Town of Brookhaven, refusing to exempt certain of petitioner's real property from taxation, the appeals are from a judgment of the Supreme Court, Suffolk County (McGinity, J.), dated September 2, 1980, which granted the petition and adjudged that the real property in question is exempt from county, municipal and school taxation. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. While we disagree with the board's contentions that the petitioner incorrectly brought an article 78 proceeding instead of a proceeding pursuant to article 7 of the Real Property Tax Law to review its determination (see *Stabile v Half Hollow Hills Cent. School Dist. of Huntington & Babylon,* 83 AD2d 945; *Matter of Jewish Bd. of Family & Children's Serv. v Schaffer,* 80 AD2d 614; *Matter of Glickenhaus Foundation v Board of Assessors of Town of Wawarsing,* 40 AD2d 1059) and that the article 78 proceeding was barred by the Statute of Limitations (see CPLR 217), we agree with its contention that the petitioner's real property was not exempt from taxation. In 1969, the petitioner acquired certain real property with the approval of the Superintendent of Insurance for the purpose of erecting a medical facility thereon. In 1970, the petitioner claimed a tax exemption with respect to that property and was granted it. The tax exempt status of the property continued until 1979, when the board denied the petitioner's application for tax exempt status for the tax year 1979/1980. Though the property was acquired for the express purpose of erecting a medical facility thereon, such purpose was never realized. Consequently, the property has remained vacant since its acquisition and has not been used in any manner whatsoever. It is also significant that the petitioner has no specific plans for development of the property. Under such circumstances, the tax exemption allowed under section 486 of the Real Property Tax Law and subdivision 3 of section 251 of the Insurance Law is not available. Notwithstanding the unambiguous language of those statutory provisions in granting an exemption, if such exemption were granted, the regulatory features of subdivision 1 of section 256 of the Insurance Law and section 260 of the Insurance Law, vis-à-vis the acquisition of real property for investment, would be undermined. Likewise, no exemption is available under section 486-a of the Real Property Tax Law. We cannot conclude that real property permitted to remain vacant and undeveloped for approximately 10 years and for which there are no specific plans for development is "used exclusively" for the petitioner's corporate purposes. Mangano, J. P., O'Connor and Thompson, JJ., concur.

Rabin and Margett, JJ., dissent and vote to affirm the judgment for the reasons stated by Justice McGinity at Special Term.

■ In the Matter of SANDRA LIPARI, Respondent, v JOHN LIPARI, Appellant. — Appeal from an order of the Family Court, Richmond County (Meyer, J.), dated April 2, 1981, dismissed, without costs or disbursements. An appeal does not lie from an order denying reargument (see *Mandy Pear, Ltd. v Duca Realty Corp.,* 81 AD2d 829; *Flock v Flock,* 81 AD2d 605; *Erlich v Erlich,* 80 AD2d 882). Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.