■ VITO DELEONIBUS et al., Respondents, v PHYLLIS SCOGNAMILLO, Defendant, and CITY OF NEW YORK et al., Appellants. [656 NYS2d 275] —In an action to recover damages for personal injuries, etc., the defendants City of New York and New York City Department of Sanitation appeal from (1) a judgment of the Supreme Court, Richmond County (Cusick, J.), entered August 30, 1995, which, *inter alia,* upon a jury verdict, is in favor of the plaintiff Vito DeLeonibus and against them in the principal sum of $1,022,311.43, and in favor of the plaintiff Lisa DeLeonibus and against them in the principal sum of $275,000, and (2) an order of the same court, entered February 14, 1996, which denied their motion to vacate the judgment entered August 30, 1995, and to substitute therefor a new judgment fixing the interest at a rate of 5.52% instead of 9%.

Ordered that the judgment and order are affirmed, with costs.

This action arises from an accident involving the then 34-year-old plaintiff, Vito DeLeonibus, while he was in the course of his employment as a New York City sanitation worker. As a result of the accident DeLeonibus sustained numerous orthopedic and neurological injuries. The unrefuted evidence at trial, including the testimony of the defendants' examining physician, a board-certified orthopedic surgeon, established that several of the DeLeonibus's injuries were severe and permanent, and that as a result he suffered from chronic pain syndrome and chronic depression. The physician further testified that DeLeonibus's condition was "very disabling", his prognosis "awful" and "dismal", because the chronic pain was "absolutely" permanent, and "[t]he chances of him getting better are practically zero". DeLeonibus's family members described him as having undergone a drastic change, from being an active, vibrant individual to one who is chronically depressed, pain-ridden, and inactive. DeLeonibus's wife has undertaken all of the household activities formerly performed by him, in addition to raising the couple's four children. Under the circumstances, we find that the jury's award to DeLeonibus's wife for past and future loss of services does not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]; Walsh v State of New York, 232 AD2d 939; Kirschhoffer v Van Dyke, 173 AD2d 7).

The City's claim that it was within the trial court's discretion to determine the interest rate to be paid on the judgment is without merit. CPLR 5004 provides that interest "shall be at the rate of nine per centum per annum, except where otherwise provided by statute". While General Municipal Law § 3-a provides otherwise for municipalities in certain types of actions not relevant here, it provides, in subdivision (1), that the rate to be paid by a municipality "shall not exceed nine per centum per annum". This provision simply places a ceiling upon the rate of interest which a municipality must pay, and does not empower the trial court to determine, in its discretion, the applicable rate of interest based on prevailing market rates (see, Mirand v City of New York, 221 AD2d 194; see also, Decker v Dundee Cent. School Dist., 4 NY2d 462, 464; Matter of Jewish Bd. of Family & Children's Serv. v Shaffer, 80 AD2d 614, 615). Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.