OPINION OF THE COURT
Harold Tompkins, J.
The exercise of the court’s discretion to fix the interest rate *661 on a judgment is the issue before this court. It arises in the context of a motion by the defendant City of New York to set aside a judgment entered by the County Clerk* in the principal sum of $1,750,000 after a jury verdict plus interest at 9% and to instead enter a judgment with an interest rate set at 5.73% (the average yield on one-year United States treasury bills for the year prior to the verdict).
In assessing the appropriate rate of interest, the court must resort to the statute that sets interest rates on a judgment. CPLR, 5004 states: “Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute.” General Municipal Law § 3-a (1) provides interest “shall not exceed nine per centum per annum.”
The City in its moving papers suggests that the court look at the average one-year United States treasury bill auction price since that is the rate allowed by the United States District Courts in civil judgments. However, the Federal courts look at that rate pursuant to legislative command, 28 USC § 1961 (a). This is the correct statute for Federal courts to look to, but this court must look to New York law.
In Rodriguez v New York City Hous. Auth. (91 NY2d 76 [1997]) the Court of Appeals discussed the history of CPLR 5004 and its relationship to General Municipal Law § 3-a. It noted that prior to 1972, CPLR 5004 provided for a variable rate as set by the Banking Board (“the legal rate”) or 6%. There was an exception for those cases where interest was otherwise prescribed by law. In 1972, CPLR 5004 was amended to fix interest at 6% for easier administration, avoidance of disputes and the upcoming expiration of the Banking Board’s authority {supra, at 78-79). With the rise in interest rates, in 1981 the Legislature amended CPLR 5004 to increase the rate from 6% to 9% {supra, at 79). It has since remained unchanged. There are pending proposals in the Legislature to amend the law to adopt the Federal one-year treasury bill rate for government entities (see, Spencer, Lower Interest Rate Sought For Awards *662 Against Cities, NYLJ, May 27, 1998, at 1, col 1). These proposals raise questions of the burden on taxpayers of a 9% rate when the borrowing rate is significantly less. However, this court must rule based upon the law as it now exists and leave to the representative branches of government the determination of whether to alter the law.
Rodriguez (supra) explicitly held that the trial court had the discretion to set a lesser interest rate against public entities. It overruled prior authority that had held CPLR 5004 prohibited a lower rate of interest except where authorized by statute (see, Mirand v City of New York, 221 AD2d 194 [1st Dept 1995]; DeLeonibus v Scognamillo, 238 AD2d 301 [2d Dept 1997]). Instead, it found that General Municipal Law § 3-a’s language that interest was not to exceed 9% implied not a fixed rate but rather a maximum rate. This court must, on proper application, exercise discretion to set the appropriate level of interest (Rodriguez v New York City Hous. Auth., supra; Gonzalez v Iocovello, 249 AD2d 143 [1st Dept 1998]).
This discretion is not unbounded. Rodriguez (supra, at 81) also instructs the trial court that the statutory rate of 9% is presumptively fair and reasonable. There must, therefore, be additional circumstances and facts for the court to vary from the presumptively fair rate.
Such circumstances could include a situation where there is a codefendant such as the Metropolitan Transportation Authority which has a statutory interest of 4% (see, Public Authorities Law § 1276). It could be argued that where two governmental entities are held liable, it might not be reasonable for different interest rates to apply. This is not applicable in this case, since the City of New York is the sole defendant.
The court could also weigh the jury’s findings on comparative fault. In a circumstance where the jury finds primary responsibility on the plaintiff for causing the accident, the court might find that a lesser interest rate would be appropriate. Such a result is not warranted in this case since the jury found the City wholly responsible. There are certainly other factors and circumstances that over time, will lead courts to exercise their discretion to assess an interest rate of less than the maximum allowable, 9%. However, the courts should carefully weigh the potential unfairness to an injured party of receiving less than the generally accepted fair rate based upon the identity of the defendant.
In the circumstances of this case, the court finds no reason to *663 vary from the presumptively fair and reasonable rate of 9% interest. The defendant City’s motion to set aside the judgment and enter a counter]udgment at a lesser interest rate is denied.

 The underlying action involved a claim that negligent maintenance and repair of a water main that cracked caused an icy condition on a street that resulted in plaintiffs fall while bicycling. After trial, the jury found defendant City negligent and found no comparative liability on plaintiffs behalf. It awarded plaintiff $1,750,000 for past and future pain and suffering. The defendant City moved to set aside the verdict as excessive. This motion was denied for failure to appear and the City never sought to vacate its default in failing to appear. Despite an ample opportunity, defendant City chose not to ■ submit a proposed structured judgment.