EMILY D. JEX et al., Executors, etc., Appellants, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

The six years statute of limitation applies to a cause of action to recover back the amount of an assessment for a local improvement paid to the city of New York, where the assessment was void for want of jurisdiction.

*It seems* it is wholly unnecessary in such a case to set aside the assessment, the cause of action is one of a legal nature only.

In pleading the statute it is sufficient to aver that more than six years have elapsed since the cause of action accrued; it is not necessary to aver that, in addition to the six years, the thirty days allowed the city by its charter (§ 105, chap, 335, Laws of 1873), to pay the claim after presentation and during which time the claimant is prohibited from bringing suit, has also elapsed.

(Argued October 16, 1888; decided November 27, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 23, 1888, which reversed an order of Special Term and a judgment entered thereon sustaining a demurrer to the seventh and eighth paragraphs of the defendant's answer herein.

This action was brought to have an assessment upon plaintiff's premises, in the city of New York, for a local improvement adjudged invalid, and to recover back the amount thereof. The complaint alleged that the assessment was levied without jurisdiction and was void, and that plaintiff paid the same in ignorance of these facts.

The paragraphs of the answer demurred to are as follows:

"*Seventh*. Further answering, and, as a further and separate defense, the defendants allege that the cause of action contained in said complaint accrued more than six years before the commencement of this action, and that the right to make the demand necessary to maintain said cause of action was complete more than six years before the commencement of this action.

"*Eighth*. Further answering the said complaint, the defendants allege that more than one year has elapsed since the death of the plaintiffs' testator before the commencement of this action."

*Herbert A. Shipman* for plaintiffs. Where, as against other parties, the lapse of six years is sufficient to constitute a defense, against the defendants, six years and thirty days must elapse. (*Brehm* v. *Mayor, etc.,* 104 N. Y. 186.) The assessment being presumptively valid, an action in equity must first be brought to vacate it; and actions in equity are not governed by the six-year statute of limitations. (*Brundage* v. *Village of Port Chester,* 102 N. Y. 498; *Jex* v. *Mayor, etc.,* 103 id. 541; *Scott* v. *Onderdonk,* 14 id. 7; *Johnson* v. *Elwood,* 53 id. 431; *Marsh* v. *City of Brooklyn,* 59 id. 280.) It is only in the case where a defect is such that it must appear upon the proof that must be made

to sustain proceedings under the assessment that no proceeding in equity will be necessary. (*Horn* v. *Town of New Lots*, 83 N. Y. 100, 104; *Marsh* v. *City of Brooklyn*, 59 id. 280; *Hatch* v. *Buffalo*, 38 id. 276; *Crook* v. *Andrews*, 40 id. 547; *Johnson* v. *Elwood*, 53 id. 435; *Allen* v. *Buffalo*, 39 id. 386; *Washburne* v. *Burnham*, 63 id. 132–134; *Coleman* v. *Shattuck*, 62 id. 348–358.) As the defects, although one of them is jurisdictional in character, are such that they would not appear in proceedings by a purchaser to enforce the lien of the same, this assessment, though void in fact, is, nevertheless, presumptively valid, and must be vacated before the money paid thereunder can be recovered. (*Brundage* v. *Port Chester*, 102 N. Y. 497; *Hatch* v. *Buffalo*, 38 id. 276; *Hassen* v. *Rochester*, 65 id. 516; *Rumsey* v. *Buffalo*, 97 id. 114; *Stuart* v. *Palmer*, 74 id. 183; *Morris* v. *Townshend*, 102 id. 387; *Clark* v. *Davenport*, 95 id. 477; *Guest* v. *City of Brooklyn*, 69 id. 506.) This action is governed by the twenty-year statute of limitations. (*Mayor, etc.,* v. *Colgate*, 12 N. Y. 140; *Fisher* v. *Mayor, etc.*, 67 id. 74; Code of Civ. Pro. §§ 379, 381.) Section 402 of the Code of Civil Procedure, which takes the place of section 102 of the old Code, simply provides that, under certain circumstances, the time limited may be extended; that is, in case a party dies leaving a cause of action which survives, and the time limited for the commencement of the action has not expired, his representatives shall, in any event, have one year thereafter within which they can commence an action; but, unless the cause of action would have been barred within the last-named period, the section has no effect whatever. (*Sandford* v. *Sandford*, 62 N. Y. 553.)

*D. J. Dean* for defendant. The statute of limitations applicable to this case is the six-year statute, and it begins to run at the date of payment. (*Brundage* v. *Village of Port Chester*, 31 Hun, 129; 102 N. Y. 494; *Parsons* v. *City of Rochester*, 43 Hun, 258; *Brehm* v. *Mayor, etc.*, 104 N. Y. 186; *Jex* v. *Mayor, etc.*, 103 id. 536; *Hoyt* v. *Tuthill*, 33

Hun, 196; *Borst* v. *Corey*, 15 N. Y. 505; *Scott* v. *Stebbins*, 27 Hun, 335; 91 N. Y. 605; *Clarke* v. *Dutcher*, 9 Cow. 674.) The statute has been correctly pleaded. (104 N. Y. 186; *Howell* v. *Babcock*, 24 Wend. 488; *Benjamin* v. *De Groot*, 1 Denio, 151; *Nelson* v. *Lounsbery*, 3 Barb. 135.) The right of action accrued at the time of payment, and not at the time of filing the claim for the return of the money. (*Dickinson* v. *Mayor, etc.*, 92 N. Y. 584; *Taylor* v. *Mayor, etc.*, 82 id. 10.)

Peckham, J. In the above entitled case the plaintiffs alleged that the assessment was void, because there was no jurisdiction to levy the same, and they seek to recover back the amount of the assessment paid to the city. The defendant sets up the six-years statute of limitation. As this is a case where the plaintiffs, in order to recover, need not procure the setting aside of the assessment, the claim is incontestably one of a legal nature only. They commence their action for the recovery of money thus paid upon a void judgment, and when they prove that the judgment was void, because there was no jurisdiction in the parties who made the assessment and that they paid the money involuntarily, they show a right to recover within the authorities cited in the opinion in the immediately preceding case, and it is wholly unnecessary in such case to set aside the assessment. A point is made that the eighth defense of the defendant having been demurred to, the demurrer is unquestionably good and should have been sustained. A reading of the seventh and eighth paragraphs of the defendant's answer shows that the eighth paragraph was not, and was not intended to be, a separate defense, it was part and parcel of the seventh, in that, at the commencement thereof, the defendant uses this language: "Further answering, and as a *separate* and further defense, the defendants allege," etc., thus showing that the defendants then assumed to be setting up a separate defense from anything that had gone before. The fact that there is added in a separate paragraph (paragraph 8) this language, "*further* answering the said complaint the defendants allege," etc., is conclusive evidence that it was not

meant as a *separate*, but simply a further defense. Whether it was treated by the Special and General Terms as a separate defense, the demurrer to which was properly overruled, is of no importance, although we do not believe for one moment that either court assumed to decide that the eighth was an actual, separate defense, and, as such, a good one.

We think, also, that the statute was properly pleaded in this case. (See *Dickinson* v. *Mayor, etc.*, 92 N. Y 584.) The facts in the *Brehm Case* (104 N. Y. 186), do not take this one out of the authority of the case of *Dickinson* v. *Mayor, etc.* (*supra*).

The order and judgment of the General Term reversing that of the Special Term should be affirmed, with costs.

All concur.

Judgment accordingly.