## TRIMMER *v.* CITY OF ROCHESTER.

(*Supreme Court, General Term, Fifth Department.* April 11, 1890.)

STATUTE OF LIMITATIONS—RUNNING OF STATUTE—ASSESSMENTS.

The statute of limitations begins to run against an action to recover money paid under an illegal street assessment at the time the payment is made. Following *Diefenthaler* v. *Mayor*, 19 N. E. Rep. 48.

Appeal from special term, Monroe county.

Action by Sylvester Trimmer against the city of Rochester. Plaintiff appeals from a judgment dismissing his complaint upon the merits.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Turk & Barnum,* for appellant. *Henry J. Sullivan,* for respondent.

MACOMBER, J. On May 2, 1865, the defendant, by its common council, passed an ordinance for the improvement of Oak street, in that city, from Allen street to Lyell street. The plaintiff's assignor, Thomas Brady, was assessed for such improvement in the sum of $492, divided into three equal annual payments of $164 each, two of which were paid by him or some one in his behalf into the city treasury, respectively, in the years 1865 and 1866. In an action brought in the year 1867 by one William E. Hasson, this street improvement was declared to be illegal, because certain property belonging to the state of New York liable to assessment was left out of the roll, and escaped assessment. 67 N. Y. 528. This action was begun in the month of February, 1888. Doubtless the plaintiff's assignor, having paid this assessment without knowledge of the fact of such defect in the rolls, might bring an action to recover back the moneys upon the ground that the same were not in a legal sense paid out voluntarily, but under coercion of law. *Peyser* v. *Mayor*, 70

N. Y. 497. We deem the case of *Parsons* v. *City of Rochester*, 43 Hun, 258, as decisive. against the plaintiff. There it was held that an action of this kind must be brought within six years from the time the money is paid into the treasury; otherwise the claim is barred by the statute of limitations. That decision was followed by the decision of the court of appeals to the same effect in the case of *Diefenthaler* v. *Mayor*, 111 N. Y. 331, 19 N. E. Rep. 48; and *Jex* v. *Mayor*, 111 N. Y. 339, 19 N. E. Rep. 52. Under these authorities the plaintiff's claim was barred by the statute of limitations, and his complaint was properly dismissed. The judgment appealed from should be affirmed. All concur.