THOMAS DENNISON, as Executor of JOHN LONG, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

1. STATUTE OF LIMITATIONS — WHEN ACTION TO RECOVER AMOUNT OF ASSESSMENT ANNULLED BY A JUDGMENT IS BARRED. A cause of action to recover the amount paid in 1875 on an assessment for a local street improvement, the assessment having been annulled by judgment entered in 1876, is barred by the lapse of six years from the time when an action might have been brought on the claim, and an action brought thereon in 1898 is barred by the Statute of Limitations.

2. CAUSE OF ACTION BARRED, NOT REVIVED BY CHAPTER 910, LAWS OF 1896. Chapter 910 of the Laws of 1896, providing that when an assessment has been annulled by a judgment the amount may be refunded, and if not refunded within a specified time an action may be maintained to recover it, neither expressly nor impliedly revives causes of action, already barred, by repealing the six year Statute of Limitations applicable thereto.

*Dennison* v. *City of New York*, 93 App. Div. 612, affirmed.

(Submitted May 5, 1905; decided May 30, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 25, 1904, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and facts, so far as material, are stated in the opinion.

*Matthew F. Neville* for appellant.   The act of 1896 repeals by implication all prior Statutes of Limitation.   (L. 1896, ch. 910; *Johnson* v. *A. & S. R. R. Co.*, 54 N. Y. 416; *Campbell* v. *Holt*, 115 U. S. 620; *Wallace* v. *Mayor, etc.*, 53 App: Div. 187.)

*John J. Delany, Corporation Counsel* (*Theodore Connoly* and *George L. Sterling* of counsel), for respondent.   The action is barred by the Statutes of Limitation.   (*Jex* v. *Mayor, etc.*, 111 N. Y. 339; *Diefenthaler* v. *Mayor, etc.*, 111 N. Y. *Trimmer* v. *City of Rochester*, 134 N. Y. 76.)   Chapter 910 of the Laws of 1896 does not affect the application of the Statutes of Limitation to the cause of action in this case.   (*Wallace* v. *Mayor, etc.*, 53 App. Div. 187; *Wendel* v. *Mayor, etc.*, 53 App. Div. 631.)   General laws, in the absence of clear evidence of such an intent, will not repeal those which are special or local.   (*Jex* v. *Mayor, etc.*, 103 N. Y. 536; *Strusburg* v. *Mayor, etc.*, 87 N. Y. 452; *Diefenthaler* v. *Mayor, etc.*, 111 N. Y. 331; *People* v. *Jaehne*, 103 N. Y. 182; *Matter of The Evergreens*, 47 N. Y. 216; *Matter of Comrs. of Central Park*, 50 N. Y. 497; *People* v. *Quigg*, 59 N. Y. 88; *McKenna* v. *Edmundstone*, 91 N. Y. 233; *Reynolds* v. *City of Niagara Falls*, 81 Hun, 356; *Boechat* v. *Brown*, 9 App. Div. 369.)

*Per Curiam.*   The plaintiff's testator, in 1875, paid an assessment upon his property, in the city of New York, for a local street improvement.   As the property was advertised for sale, at the time, the payment was involuntary.   In the following year, the assessment was annulled by judgment, in an action brought by him for that purpose.   This action was not brought to recover the amount paid until the year 1898, or twenty-two years afterwards, and the defendant pleaded, as a defense to its maintenance, the bar of the Statute of Limita-

tions. The complaint was dismissed upon that ground, at the Special Term, and that determination has been affirmed by the Appellate Division, in the first department. The only question is whether the Statute of Limitations is applicable to such an action and it is the claim of the appellant that it is not, for the reason that chapter 910 of the Laws of 1896 effected its repeal by implication.

We are of the opinion that the lapse of six years, from the time when an action might have been brought upon the claim, was a bar to the maintenance of the present action. The cause of action was, simply, to recover back moneys, which the defendant had received from plaintiff's testator and which it had no right to hold. (*Jex* v. *Mayor, etc., of N. Y.*, 111 N. Y. 339; *Diefenthaler* v. *Mayor, etc., of N. Y.*, Ib. 331.) The provision of the act of 1896, relied upon by the appellant, is as follows:

"Whenever an assessment for a local improvement has been annulled by the judgment or order of any court any sum of money which has been heretofore, or shall be hereafter paid thereon, may be refunded with interest from the time of such payment. If not so refunded within one year of the time of such judgment or order annulling such assessment, an action may be maintained to recover such sum with interest thereon."

The act does not repeal the Statute of Limitations in terms and we do not think that it was intended to do so by implication. It would be most extraordinary legislation, if, as to all claims against the municipality of this nature which the statute had barred, the bar was raised and the result might, conceivably, be rather startling. But no such thing was intended and no such construction is called for. A statute is not to be deemed repealed by implication; unless the subsequent statute upon the same subject, and which is claimed to have accomplished that result, discloses such an intent clearly upon its face, or is so inconsistent with the former that both cannot stand together. That is not the case with these laws. The act of 1896 is to be reasonably construed, as declaring

the rule of law and as imposing a duty of repayment in a case where an assessment for a local improvement has been annulled for illegality. The action authorized to be brought to recover back the moneys, which the city had received, and which it fails, upon demand, to pay over, must, however, be one that the plaintiff is, otherwise, competent to maintain. That is to say : his claim must not have been barred by the Statute of Limitations, or by any other special defense to its maintenance.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment affirmed.