In the Matter of AUSTIN W. CONKLIN et al., Respondents, against BOARD OF SUPERVISORS OF THE COUNTY OF ROCKLAND, Appellant.— In a proceeding under section 16 of the County Law (repealed by L. 1950, ch. 691; County Law, § 1002) and its successor statute (Tax Law, § 56-a, subd. 1) for a refund of taxes paid by petitioners from 1932 to 1946, during which time they were in possession pursuant to tax deeds executed and delivered to them by the County of Rockland, the Board of Supervisors of the County of Rockland appeals from an order of the County Court, Rockland County, granting petitioners' application ·for the refund, with 6% interest from the respective dates of payment.  Order modified on the law by granting the refund with interest at the rate of 6% from the respective dates of payment to July 1, 1939, and thereafter at the rate of 4%.  (General Municipal Law, § 3-a; *People ex rel. Emigrant Ind. Sav. Bank* v. *Sexton,* 284 N. Y. 57.)  As so modified, order unanimously affirmed, with costs to respondents.  The findings of fact are affirmed.  The benefits of the statute extend to all persons who have paid taxes which they were not legally bound to pay, whether voluntarily or under duress, provided they have an interest in the property to protect. (*Matter of Adams* v. *Supervisors,* 154 N. Y. 619, 625–627; *Matter of McCue* v. *Supervisors,* 162 N. Y. 235.)  One who occupies property pursuant to a tax deed given by the county and pays taxes assessed against both the person and the property is entitled to a refund if the assessment is invalid.  (*People ex rel. American Exch. Nat. Bank* v. *Purdy,* 199 N. Y. 51.)  Present — Nolan, P. J., Adel, Schmidt, Beldock and Murphy, JJ.

■

In the Matter of RICHARD ROGERS, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act transferred to this court pursuant to section 1296 of the Civil Practice Act to review a determination of respondent suspending petitioner's chauffeur's license for forty-five days for a violation of subdivision 1 of section 56 of the Vehicle and Traffic Law.  Determination unanimously confirmed, without costs.  The suspension flows from an accident on Hempstead Turnpike, Nassau County, on August 2, 1952, at about 4:00 A.M., in which petitioner's motor vehicle was involved.  At the hearing before the referee of the Bureau of Motor Vehicles there was substantial evidence to warrant respondent's determination of undue speed on the part of petitioner at the scene of the accident.  (*Matter of Donahue* v. *Fletcher,* 299 N. Y. 227.)  Present — Nolan, P. J., Adel, Schmidt, Beldock and Murphy, JJ.