RIVERDALE COUNTRY SCHOOL, INC., Respondent-Appellant, *v.* CITY OF NEW YORK, Appellant-Respondent.

First Department, April 18, 1961.

*Daniel L. Cammarano* of counsel (*Edward J. McLaughlin* with him on the brief; *Charles H. Tenney, Corporation Counsel*), for appellant-respondent.

*John L. Diamond* for respondent-appellant.

STEUER, J. Plaintiff conducts a school in Bronx County. In 1925 it made application for tax exemption on all its real property. Exemption was granted except for two lots, the subject of this action, and another lot used for tennis courts. The two lots in question were used for faculty residences. Final decision on the application was not reached until January, 1929, and shortly thereafter plaintiff paid all arrears without protest. In 1934 all of plaintiff's property was restored to the tax rolls and plaintiff commenced an action to exempt its property. The Tax Commission restored the prior exemption and the action was not prosecuted. Taxes on the lots in question were paid without incident from that time to the tax year 1949–50. In that year *People ex rel. Clarkson Mem. Coll.* v. *Haggett* (191 Misc. 621) was affirmed by the Court of Appeals (300 N. Y. 595), deciding that property so used by an educational institution was exempt, and plaintiff filed an application for exemption for those lots and that used as a tennis court. The Tax Commission took the position that the decision in the *Clarkson* case was restricted to instances of hardship in the conditions of housing then existing and did not have general application. However, the Tax Commission conceded that the lot used for tennis courts was entitled to exemption. Plaintiff thereupon took no further steps on its application and paid the taxes.

In 1954 another application for exemption was filed. The Tax Commission took it under advisement. While this was pending the time to apply for exemption for the 1955 taxes approached and plaintiff filed a similar application for that year. The 1954 taxes were due and plaintiff became fearful that should a lien result from nonpayment, a default under its mortgage might be asserted. It paid the taxes under protest. The commission decided against plaintiff, and the 1955 taxes as well as those for the succeeding years to 1958 were paid without protest. In 1958 came the decision in *Matter of Pratt Inst.* v. *Boyland* (8 A D 2d 625). This brought on another application for exemption, which was successful. The Tax Commission granted exemption and remitted the 1958 taxes.

By this suit plaintiff seeks recovery back of all taxes paid on those lots since the first application in 1925, with interest. Both sides have moved for summary judgment, each claiming there is no factual issue.

The first question presented is whether the claim is subject to any Statute of Limitations and, if so, what one. As a general proposition it is clear that an action to recover back taxes paid is an action for money had and received, and the six-year statute has application. (Civ. Prac. Act, § 48; *Diefenthaler* v. *Mayor of*

*New York,* 111 N. Y. 331.) Plaintiff seeks to take itself outside this rule. It places its reliance on the constitutional provision forbidding changes in the tax exemption of educational institutions (N. Y. Const., art. XVI, § 1), and on subdivision 3 of section 556 of the Real Property Tax Law, formerly section 56-a of the Tax Law. The first is of no assistance to plaintiff as its object is to preserve the right to exemption against possible adverse legislation and has no relationship to the situation here presented. The Real Property Tax Law likewise provides no grounds for exception. Concededly it does not apply to the City of New York. But even the doubtful contention that unless it is applied in this connection an unfair discrimination will result is without foundation. The section is permissive, allowing the tax authorities to make refund of taxes illegally assessed. It says nothing about limitations. It is true that another section providing for a recovery back of excess payments due to clerical errors has a limitation of two years. From this it is not to be assumed that no statute is to affect the section in question. An interpretation against the applicability of the usual statute on tenuous grounds has, in tax cases especially, long been frowned upon. (*Dennison* v. *City of New York,* 182 N. Y. 24.) We are aware that recovery back of taxes for periods in excess of six years had been allowed but it does not appear that the question of limitation has been raised or considered in those cases. (*Matter of Conklin* v. *Board of Supervisors,* 284 App. Div. 965.) Plaintiff not having established any exception, the six-year statute applies.

This leaves in the case the taxes for the years 1954, 1955, 1956 and 1957. It is clear that there can be no recovery back of taxes paid unless paid under protest or duress. (*Mercury Mach. Importing Corp.* v. *City of New York,* 3 N Y 2d 418.) As shown above, there was neither protest nor duress during the latter two of the years. In fact the record shows that the taxes were anticipated and a discount taken. Unless the application made in the earlier two years be deemed a protest, these were voluntary payments. In our view these applications and the protest made in 1954 were ineffectual even for those years, let alone for subsequent ones. It is quite clear that the protest in 1954 as well as the application for exemption filed in 1955 were made to protect any exemption that might be granted pursuant to the 1954 application. Specifically, if plaintiff succeeded in convincing the Tax Commission that it was entitled to exemption, it did not want its payment to preclude it. The wording of the protest so states. And the conduct of plaintiff in paying the tax promptly on the adverse decision, and for the subsequent

years, establishes the limited extent of its protest beyond question. Plaintiff acquiesced in the erroneous interpretation of the law made by the Tax Commission and consequently paid voluntarily. (*Mercury Mach. Importing Corp.* v. *City of New York, supra.*)

Accordingly, the judgment appealed from should be reversed, on the law, with costs, plaintiff's motion for summary judgment denied, and summary judgment granted in favor of defendant dismissing the complaint.

STEVENS, EAGER and BASTOW, JJ., concur with STEUER, J.; McNALLY, J. P., concurs in part and dissents in part in the following memorandum: I would modify the judgment to the extent of granting judgment to the plaintiff for taxes paid in 1954 under protest, and otherwise dismissing the complaint.

Judgment reversed, on the law, with costs to defendant-appellant-respondent, plaintiff's motion for summary judgment denied, and summary judgment granted in favor of defendant dismissing the complaint, with costs.