■  In the Matter of F. O. R. HOLDING CO., INC., Respondent, v. BOARD OF ASSESSORS OF THE TOWN OF CLARKSTOWN, Appellant.— In a proceeding pursuant to article 7· of the Real Property Tax Law to review real property tax assessments and for a declaratory judgment, the appeal is from an order-judgment of the Supreme Court, Rockland County, dated June 12, 1973, which denied appellant's motion to dismiss the petition, granted petitioner's motion for summary judgment, adjudged that the restoration of petitioner's property to the assessor's rolls was without adequate · cause and ordered the property removed from the assessor's rolls as of the date of its restoration in 1972.  Order-judgment reversed, without costs, and proceeding remitted to Special Term for a hearing on the issue of whether petitioner's current use of its property entitles it to a tax exempt status.  In 1962, petitioner was judicially declared exempt from assessment and payment of real property tax pursuant to former section 420 (now § 421) and section 430 of the Real Property Tax Law. This exemption was based on a finding that the property was held for an unincorporated religious association founded in 1915, whose principal purpose had been the reconciliation of Nations, countries and people into a program of religious education, worship and training for the promotion of world peace.  Petitioner retained its exempt status through the taxable year ending in 1972.  On or about May 16,·1972 petitioner was notified by appellant that it would be restored to the assessor's 1972–1973 tax rolls on the ground that petitioner's current activities did not qualify it for a tax exemption.  Petitioner's protest and complaint were denied by appellant, who notified petitioner that the proposed assessment would become final and incorporated in the completed assessment roll. Petitioner then instituted this tax proceeding.  Appellant cross-moved, claiming, *inter alia*, that the petition was jurisdictionally defective because of improper service.  Special Term considered appellant's contention of procedural defects to be without merit and was of the opinion also that the 1962 determination of petitioner's tax exempt status remained the law of the case, which had the effect of shifting the burden of proof to appellant to establish that for the period in question there had been such appreciable and marked changes in the nature of petitioner's use of the property as to justify revoking and canceling its tax exempt status.  Finding that appellant had submitted no evidentiary matter warranting a trial on the issue of petitioner's post-1962 activities, Special Term granted summary judgment to petitioner.  To the extent that Special Term found that petitioner had satisfied all procedural due process and jurisdictional requirements, we agree with its determination.  Appellant's contention that the petition was jurisdictionally defective because it named the abolished "Board of Assessors " rather than the " Assessor" as respondent in the proceeding and because service of the petition had been made upon a person without authority to accept it is devoid of merit.  Appellant's reliance on the prior decision of this court in *Matter of City of New York* v. *Christensen* (30 A D 2d 700), wherein a petition seeking a review of a tax assessment was dismissed for failure to serve the process in strict compliance with the statutory mandate (Real Property Tax Law, § 708), is misplaced.  Unlike this case, the issue of improper service arose in *Christensen (supra)* on a motion to dismiss the petition prior to the answer.  Here, an answer was interposed which raises no such issue.  Appellant's sole affirmative defense was directed solely to the *bona fides* of petitioner's recent activities.  It is with respect to petitioner's current use of its property and the need for a trial to determine whether its

use is still religious in nature that we disagree with the decision of Special Term. This is not a case in which undisputed facts could lead to summary judgment within the provisions of the Real Property Tax Law and the CPLR (*Matter of Trustees of 'Sailors' Snug Harbor in City of N. Y.* v. *Tax Comm. of City of N. Y.*, 26 N Y 2d 444). In this case, a trial must be held at which petitioner will be put to its burden of proving that its *present* activities entitle it to exemption from taxation. That burden has always rested on one asserting such exemption (*People ex rel. Wallington Apts.* v. *Miller*, 288 N. Y. 31). In a recent opinion, the Court of Appeals (per Jasen, J.) has reaffirmed the principles that exemption statutes are construed strictly against the taxpayer and that the State has great freedom in selecting the subjects of taxation and in granting exemptions (*Matter of Association of Bar of City of N. Y.* v. *Lewisohn*, 34 N Y 2d 143). We note further that petitioner may not rely on the judicial determination made in 1962 declaring its property tax exempt. "An adjudication that the property was or was not used for a charitable or religious purpose during one year cannot constitute an adjudication as to whether it was used for such a purpose during another year" (*People ex rel. Watchtower Bible & Tract Soc.* v. *Haring*, 286 App. Div. 676, 680). Each taxable year is separate and distinct (*People ex rel. Hilton* v. *Fahrenkopf*, 279 N. Y. 49). Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.