Theodore A. Kelly, J.
This is a proceeding pursuant to article 78 to review a determination of respondent County Legislature of Rockland County (hereinafter the Legislature) which denied petitioner’s application for the refund of certain claimed real estate tax overpayments, for judgment directing the Legislature to order the refund of $19,477.29 to petitioner or, in the alternative, directing respondent George Cole-Hatchard (hereinafter Cole-Hatchard) to correct petitioner’s real property tax assessment on the tax rolls of the Town of Stony Point and to submit same to the Legislature for correction and refund pursuant to section 554 of the Real Property Tax Law.
Petitioner is the owner of a parcel of property in the Town of Stony Point. The property is described on the town tax map as Map 24, Lot 1-0031A1. For the years 1968 and 1969 petitioner’s property was carried on the tax rolls as containing 77.4 acres. In 1970 the property was listed as containing 74.3 acres.
In 1968, 1969 and 1970 petitioner had paid $43,823.67 in real estate taxes to the Town of Stony Point. Such payments were made under protest. It is petitioner’s contention that it overpaid taxes in the sum of $19,477.29 and that it should now be reimbursed for these overpayments. Petitioner’s contention is based upon error in the amount of acreage shown on the assessment roll. To verify this contention petitioner had the parcel in question surveyed. The survey, which was certified to the Town of Stony Point on April 22, 1970 as being accurate and correct, showed that petitioner’s property consisted of only 42.43 acres.
On January 31, 1974 petitioner applied to the Legislature for a refund pursuant to section 556 of the Real Property Tax Law. On February 4, 1974, the Clerk of the Legislature sent petitioner’s attorney a form of petition for a tax refund with instructions that petitioner complete the form and submit it *183 to the Assessor of Stony Point for verification of the facts therein alleged. The assessor was then to forward the petition to the Legislature. The form was completed by petitioner and submitted to the assessor on March 5, 1974. There then ensued a number of delays and meetings, the details of which need not be reviewed here. Suffice to say no action was taken on the application until February 21, 1975 when the Stony Point Town Attorney sent petitioner a further set of forms. These supplemental forms were completed by petitioner and were returned to the Town Attorney on March 3, 1975. Some time thereafter the supplemental form was returned to petitioner’s attorney with a request that petitioner submit separate supplemental forms for each year in dispute. Petitioner complied with this request and submitted supplemental forms to George Hall, the Rockland County Director of Real Property Tax Service, (hereinafter the Director), on March 31, 1975.
On August 19, 1975 the Legislature denied petitioner’s request for a refund. In its resolution the Legislature noted that Cole-Hatchard, the Director and the Rockland County Attorney had all found "no merit” to petitioner’s application since it was based upon an incorrect acreage listing. It was further noted that an incorrect acreage listing was "insufficient grounds for a refund.” Petitioner, in this proceeding, contends that the resolution and determination was arbitrary, capricious and contrary to law. Petitioner further contends that Cole-Hatchard’s failure to have corrected petitioner’s assessment was arbitrary and capricious. In the alternative, petitioner requests that the court direct Cole-Hatchard to correct petitioner’s assessment and to submit same to the Legislature pursuant to section 554 of the Real Property Tax Law for correction and refund.
Petitioner’s application is opposed by the Legislature and Cole-Hatchard. The Legislature asserts that it lacked the authority to grant petitioner’s refund request under section 556 of the Real Property Tax Law since the alleged overpayment was not the result of a "clerical error” or an "unlawful entry,” both of which were prerequisites to a refund claim under section 556. Cole-Hatchard further alleges that the petition fails to state a cause of action and that the relief requested is barred by petitioner’s laches and by the Statute of Limitations.
On January 31, 1974, when petitioner made its original *184 request for a refund, section 556 of the Real Property Tax Law (L 1958, ch 959) provided, in part, as follows: "3. The board of supervisors of any county may cause to be refunded to any person the amount collected from him of any tax illegally or erroneously levied, or levied against an illegal or erroneous assessment other than an erroneous assessment due to an error in judgment in respect to the valuation of real property, and upon the order of the county court, it shall refund any such tax”.
Section 556 was amended effective September 1, 1974 (L 1974, ch 177, § 4) so as to permit a refund of tax overpayments attributable to a "clerical error” or an "unlawful entry,” as those terms were defined by section 550 of the Real Property Tax Law. It is not disputed by petitioner that neither of these terms encompasses the type of error upon which it based its claim.
Section 556 was further amended effective May 27, 1975 (L 1975, ch 124, § 8). This latter amendment affected no substantive change but merely corrected the particular subdivisions of section 550 to which section 556 referred. At the same time section 556-a of the Real Property Tax Law was adopted (L 1975, ch 124, § 9). Section 556-a provided for the correction of "errors in essential fact” on assessment rolls and tax rolls and for a refund of taxes which may have been paid on the basis of such errors in accordance with the procedures set forth in section 556 (Real Property Tax Law, § 556-a, subd 4, par [a]).
The term "error in essential fact” was also then defined by section 550 of the Real Property Tax Law (L 1975, ch 124, § 3) in part, as follows: "3. 'Error in essential fact’ means: * * * (c) an incorrect entry of acreage on the taxable portion of the assessment roll, or the tax roll, or both, which acreage was considered by the assessor in the valuation of the parcel and which resulted in an incorrect assessed valuation, where such acreage is shown to be incorrect on a survey submitted by the applicant”.
It is apparent, therefore, that when petitioner originally applied for a refund on January 31, 1974, there was no statutory provision for a refund of taxes paid on the basis of "errors in essential fact.” However, subsequent to submission of petitioner’s application, section 556 was twice amended, as hereinabove indicated, and the second amendment was in effect at the time that the Legislature considered petitioner’s application. It is well settled that amendatory statutes have *185 prospective application only, and will have no retroactive effect unless its language clearly indicates that it is to receive a contrary interpretation (McKinney’s Cons Laws of NY, Book 1, Statutes, § 52). Regardless, however, of whether procedural statutes such as section 556 be considered retroactive or prospective, they do apply to pending actions and proceedings unless their language indicates a contrary intention (McKinney’s Statutes, § 55). Accordingly, the Legislature was required to consider petitioner’s application in accordance with the law as it then existed, i.e. in accordance with section 556 as amended and section 556-a of the Real Property Tax Law. It is clear from the answer and from the opposing affirmation of the County Attorney that the Legislature did consider the application in the context of the amendments to section 556, but concluded that it was not empowered to grant the requested refund under said section in that there was no "clerical error” or "unlawful entry.” It further appears, however, that the Legislature did not consider the alleged error in acreage as a sufficient predicate for a refund request, finding that such a contention was "without merit.” In so holding, the Legislature failed to take cognizance of section 556-a, which permitted a refund for an "error in essential fact,” and allowed an aggrieved taxpayer to use the procedure set forth in section 556, the very statute under which the Legislature considered petitioner’s application. To state it otherwise, the Legislature, at the time that it considered petitioner’s application, was statutorily authorized to approve a refund of tax overpayments which were attributable to "errors in essential fact,” such as the incorrect entry of acreage of which petitioner was complaining.
However, while the Legislature did not consider petitioner’s application as based upon an "error in essential fact,” respondents now contend that petitioner’s present proceeding is time-barred by this very same section. Under section 556-a (subd 3, par [a]), a property owner aggrieved by an "error in essential fact” may apply to the County Director of Real Property Tax Services for the correction of such error at any time prior to the expiration of the warrant. A property owner who has paid a tax which was based upon an "error in essential fact” may also apply to the County Director for a refund of such tax or any portion thereof at any time within one year from the annexation of the warrant (Real Property Tax Law, § 556-a, subd 4, par [a]). Respondents contend that *186 since petitioner is attempting to recover for overpayments made in 1968, 1969 and 1970, its rights are barred by section 556-a.
The time limitations contained in section 556-a did not become effective until May 27, 1975. Petitioner, however, initiated the underlying proceeding to obtain the refund on January 31, 1974 when it submitted the refund petition to the Legislature. The respondents, therefore, are relying upon a Statute of Limitations which was adopted subsequent to the time that petitioner commenced its proceeding. Statutes of Limitation are given prospective construction and application (McKinney’s Cons Laws of NY, Book 1, Statutes, § 59). Accordingly, the Statute of Limitations contained in section 556-a cannot be construed as barring rights which accrued prior to that time, especially where the party sought to be barred, petitioner, had already initiated proceedings to enforce those rights. The court, therefore, finds no merit to the defense based upon noncompliance with section 556-a.
There still remain, however, the issues of whether the proceeding commenced by petitioner on January 31, 1974 was timely or whether it was barred by the Statute of Limitations and/or by petitioner’s laches, as Cole-Hatchard has alleged.
In this respect it appears from the petition and the exhibits thereto annexed that petitioner made three payments upon which it now has demanded partial refunds: (1) the sum of $5,456.48 on January 10, 1968; and (2) the sum of $19,483.19 on March 12, 1969; and (3) the sum of $18,884 on January 30, 1970. Petitioner’s right to recover these alleged overpayments is predicated upon the equitable principle that money should be restored to a taxpayer where paid under a plain, palpable mistake (Baranowski v Wetzel, 174 App Div 507, 510; Loconti v City of Utica, 61 Misc 2d 855). As a general proposition, an action to recover back taxes paid is an action for money had and received, and is governed by six-year Statute of Limitations (CPLR 213; Diefenthaler v Mayor of City of New York, 111 NY 331). Where such a claim is based upon the payment of money under a mistake of law or fact, the cause of action relates back to the date of original payment and the Statute of Limitations begins to run from that time (36 NY Jur, Limitations and Laches, § 73). Therefore, an action to recover taxes paid on an illegal assessment arises at the time of payment (Guaranty Trust Co. v State of New York, 299 NY *187 295; Liberty Bank of Buffalo v City of Buffalo, 265 NY 543, cert den 294 US 723).
Petitioner, accordingly, had the option of either commencing an action for money had and received or of moving for an order directing the refund of the overpayments under section 556 of the Real Property Tax Law. Section 556, as then drawn, was permissive, in that it allowed the taxing authorities to refund taxes which had been illegally assessed and directed such refund only upon an order of the County Court. It said nothing about limitations. In holding that a taxpayer’s rights under this section were subject to a six-year Statute of Limitations, the Appellate Division, First Department, stated as follows in Riverdale Country School v City of New York (13 AD2d 103, 105, affd 11 NY2d 741): "It is true that another section providing for a recovery back of excess payments due to clerical errors has a limitation of two years. From this it is not to be assumed that no statute is to affect the section in question. An interpretation against the applicability of the usual statute on tenuous grounds has, in tax cases especially, long been frowned upon. (Dennison v. City of New York, 182 N.Y. 24.) We are aware that recovery back of taxes for periods in excess of six years had been allowed but it does not appear that the question of limitation has been raised or considered in those cases. (Matter of Conklin v. Board of Supervisors, 284 App. Div. 965) Plaintiff not having established any exception, the six-year statute applies.”
The court, accordingly, finds that petitioner’s right to recover taxes which it had allegedly overpaid was subject to a six-year Statute of Limitations. The six-year statute commenced running when the respective tax payments were made and continued to run until petitioner’s claim was interposed. (CPLR 203, subd [a]) It has been stated that a claim is interposed when a party sets it up or insists upon it in any manner at any stage of an action or proceeding. (36 NY Jur, Limitations and Laches, § 116.) Although petitioner had the option of commencing an action or proceeding to obtain the refund of the alleged overpayments, or to proceed by notice of motion or order to show cause under then section 556, it chose to serve a petition for a refund upon the Legislature. Since by so doing petitioner affirmatively asserted its right to a tax refund, petitioner’s action was sufficient to interrupt the running of the six-year Statute of Limitations. As to the demand for a refund of the taxes paid on January 10, 1968 *188 however, petitioner’s action, having been commenced on January 31, 1974, was clearly untimely. Accordingly, petitioner’s right to a refund of any overpayments included in the payment of January 10, 1968 is time-barred. The six-year Statute of Limitations, however, does not bar petitioner’s right to recover for any overpayments which may have been encompassed in the payments of March 12, 1969 and January 30, 1970.
In reaching this determination, the court rejects petitioner’s claim that respondents should be estopped from asserting the defense of Statute of Limitations. The claim of estoppel is based upon the contention that petitioner’s rights were prejudiced by bureaucratic delay in processing the refund application. However, any delay which occurred was subsequent to petitioner’s filing of the refund application on January 31, 1974. At that time the Statute of Limitations had already expired as to the January 10, 1968 payment. There is obviously no merit to a claim of estoppel which is predicated upon facts that occurred subsequent to the expiration of the applicable Statute of Limitations.
Having determined that petitioner’s right to recover for any overpayments made on March 12, 1969 and January 30, 1970 are not time-barred, respondent Cole-Hatchard’s claim of laches is easily disposed of. Laches is no defense to an action which is commenced within the period of the applicable Statute of Limitations. (Appleton v National Park Bank of N. Y., 211 App Div 708, affd 241 NY 561; Fuchs & Lang Sun Chem. De Venezuela, C. A. v Schenectady Chems., 43 AD2d 881.)
The court, however, concurs with the conclusion of the Town Attorney that the petition fails to state a cause of action as to Cole-Hatchard. A proceeding pursuant to article 78 is to review or compel a determination of a body or officer or to determine whether or not a body or officer is about to proceed without or in excess of jurisdiction. (CPLR 7803.) Petitioner has alleged that Cole-Hatchard "failed to take the necessary steps to obtain a correction of the assessment to reflect the true acreage” and that his failure to do so was arbitrary and capricious. However, petitioner has failed to submit documentary evidence to demonstrate that any such request was made of Cole-Hatchard. Petitioner’s documentary evidence shows that petitioner applied to Cole-Hatchard for a refund of the *189 alleged overpayments. There is nothing in the record to indicate that petitioner ever requested Cole-Hatchard to correct the tax rolls so as to reflect the true acreage of petitioner’s parcel, albeit this may have been petitioner’s intention. It appears that all proceedings taken by petitioner were designed to obtain a refund and not to correct a clerical error on the tax rolls. As to respondent Cole-Hatchard, therefore, petitioner’s application for relief pursuant to article 78 is premature. In the event that there is still an "error in essential fact” on the tax roll, as petitioner asserts, it would appear that petitioner could attempt to correct the alleged error by utilizing the procedure now contained in section 556-a of the Real Property Tax Law.
Turning once again to the resolution adopted by the Legislature denying petitioner’s refund application, the court has stated that the Legislature, contrary to the contention made by the County Attorney, was empowered to consider petitioner’s application as demanding a refund for tax overpayments made on the basis of an "error in essential fact.” (Real Property Tax Law, § 556-a, subd 4, par [a].) Accordingly, the Legislature’s contention that it was authorized to direct a refund only in the case of a "clerical error” or of an "unlawful entry” was contrary to law and improper. In passing, the court notes that the Legislature has failed to furnish the court with any record of the underlying proceedings, including any reports as to the merit of petitioner’s claim which may have been submitted by Cole-Hatchard and a copy of the report and recommendations which the Director is required to submit. (Real Property Tax Law, § 556, subd 4, par [b].) From an examination of the language in which the resolution was couched, however, it appears that the Legislature never reached the issue of whether there was an "error in essential fact” and denied the application on the ground that the claimed error in acreage was not a viable basis for a tax refund. Accordingly, this matter is remanded to the Legislature which is directed to consider the merit, if any, of petitioner’s application for refund of the alleged overpayments made in 1969 and 1970, pursuant to sections 556 and 556-a of the Real Property Tax Law. This matter shall be scheduled for the next agenda of the Legislature following the entry of the judgment to be made herein.