OPINION OF THE COURT
John R. Tenney, J.
The petitioners, Howard C. Welch and Ellen M. Welch, are seeking a restraining order preventing the City of Utica from accepting the title to property located at 1100 Whitesboro Street. The city purchased the property at a public auction held on September 30, 1978, when it was sold because of the nonpayment of taxes.
Petitioners were the holders of an assigned mortgage (dated September 27, 1978) which they foreclosed on July 10, 1979. After the sale, they received a referee’s deed dated January 4, 1980. The property was formerly owned by the All Nations Faith Temple, and the original mortgage was held by Linzey Armstrong, Sr., and was dated July 26, 1972.
In 1972, the City of Utica granted a real property tax exemption pursuant to section 421 of the Real Property Tax Law, and no real estate taxes were paid by All Nations Faith Temple. Subsequently, the building was *746 boarded up. When petitioners took the mortgage assignment, it was not being used for any religious purpose.
The respondent restored the property to the tax roll for the tax year commencing January 1, 1978, because it contended that the property was no longer being used for religious purposes. Section 421 of the Real Property Tax Law states: “Real property owned by a corporation or association organized or conducted exclusively for religious *** purposes * * * and used exclusively for carrying out *'** such purposes *** shall be exempt from taxation”. (Real Property Tax Law, § 421, subd 1, par [a].)
The petitioners contend that the burden is upon the respondents to show that the basis for the tax exemption had expired and, furthermore, that proper notice should be given of such intention. This is incorrect since the burden of proving that the exemption is still valid is upon the taxpayer. (Matter of F.O.R. Holding Co. v Board of Assessors of Town of Clarkstown, 45 AD2d 875, opp dsmd 35 NY2d 959; Pinelawn Cemetery v Cesare, 90 Misc 2d 736.) The fact that there was a prior exemption for a previous year is not binding upon the assessor for the subsequent year. (People ex rel. Hilton v Fahrenkopf, 279 NY 49; Matter of F.O.R. Holding Co. v Board of Assessors of Town of Clarkstown, supra.) There appears to be no dispute that the property was not being used at least in August, 1977 and has not been used for any religious purpose since that time. (See Matter of Trustees of Sailors’ Snug Harbor in City of N. Y. v Tax Comm, of City of N. Y., 26 NY2d 444; Real Property Tax Law, § 421, subds 2, 3.)
Petitioners’ reliance on article XVI of the New York State Constitution is not properly founded since this section is to preserve the right to exemption and not to establish its existence. (Riverdale Country School v City of New York, 13 AD2d 103, affd 11 NY2d 741.) In any case, there is evidence that an effort was made by the city to notify individuals who might have an interest in the subject property. There is no apparent violation of section 496 of the Real Property Tax Law. Therefore, the petitioners’ *747 motion is denied. However, the time to redeem the property from the office of the Treasurer of the City of Utica shall be extended to on or before March 1, 1981.