OPINION OF THE COURT
Edward M. Horey, J.
It is of primary significance that the proceeding before the *1058 court has been brought under article 7 of the Real Property Tax Law.
It is of equal significance that what petitioner seeks is the basic determination of whether the real property owned by petitioner is in fact taxable at all. Petitioner insists that such property is exempt from tax under the mandate of RPTL 420-a.
Such contention brings into focus the proper procedural device to determine the contentions of the petitioner.
Upon this court’s review of the law its determination is that a proceeding under article 7 of the RPTL is to be used in instances such as those of illegality, overvaluation or inequality of assessment. Such procedure is not to be used in an instance such as that presented in the case at bar wherein the assessor has failed or refused to wholly exempt the taxpayer’s property. In such instance it has been held that "the resulting tax is a nullity which may be challenged in an action in equity (asserting that the void assessment is a cloud on title), in an article 78 proceeding, or in a declaratory judgment action * * * [t]he taxing authority is said to have acted 'without jurisdiction’ (Matter of State Ins. Fund v Boyland, 282 App Div 516, 520, affd 309 NY 1009) and its determination may be attacked collaterally.” (Stabile v Half Hollow Hills Cent. School Dist., 83 AD2d 945, 946 [2d Dept 1981]; see also, 24 Carmody-Wait 2d, NY Prac § 146:12 [stating that the refusal of an assessor to allow an exemption "is not the 'illegality’ within the scope of the review provided for by Article 7 of the Real Property Tax Law”, and cases cited].)
The difference between a proceeding under RPTL article 7 and one under CPLR article 78 is more than academic. It has been held that the difference lies in that a "review” under RPTL article 7 "reviews nothing.” Such a "review” "permits a redetermination of all questions of fact upon evidence, taken in part at least by the Special Term or under its direction, so that the so called 'review’ under the Real Property Tax Law may become a proceeding in the nature of a new trial.” (24 Carmody-Wait 2d, NY Prac § 146:4, and cases cited.)
For the reasons noted this court holds the petitioner has misconstrued the provisions of sections 704 and 706 of the RPTL and has initiated an improper proceeding under the Real Property Tax Law for the wrong complained of and the relief requested.
The determination reached by the court raises the question *1059 of whether the proceeding should be dismissed or legally metamorphasized into a proper procedure.
CPLR 103 (c) provides in relevant part as follows: "(c) Improper form. If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution.” (Emphasis added.)
It is conceded that this court has not found specific precedent for conversion of a proceeding under RPTL article 7 into a proceeding under CPLR article 78. However, considering (1) the vast variety of situations in which CPLR 103 (c) has been employed to convert an improperly instituted proceeding into a proper one (see, numerous examples summarized in 1 Weinstein-Korn-Miller, NY Civ Prac fí 103.08, at 1-57 — 1-58); (2) together with the language of mandate in CPLR 103 (c); (3) coupled with the determination "that the provisions of law relating to a review of tax assessments are remedial in nature and require liberal construction, so that taxpayer’s right to have his assessment reviewed will not be defeated by technicalities” (see, 24 Carmody-Wait 2d, NY Prac § 146:4, at 250, and cases cited), all collectively support a conversion of the instant proceeding instituted under RPTL article 7 into one under CPLR article 78. Accordingly, this court having jurisdiction in the premises orders and directs that the proceeding instituted shall be converted into and treated as one initiated under CPLR article 78.
Reviewing the proceeding as one under CPLR article 78 it appears to the court that the contention of the petitioner is that section 420-a of the RPTL provides for a mandatory exemption of the petitioner’s real property and the respondent assessor has failed to accord it such exemption by imposing improper conditions. Thus the petitioner seeks to compel the respondent to grant an exemption. If properly instituted in the first instance, the petition would be for mandamus under CPLR article 78. It is thus treated at this time.
It is true as petitioner argues that it is established law by judicial precedent that where exemption from taxation in a statute is express, real property within the exempt class is mandatorily exempt from tax and neither an assessor nor a court may insert qualifying clauses or add conditions not contained in the statute. (See, Williams Inst. Colored M. E. Church v City of New York, 275 App Div 311, affd 300 NY 716.)
*1060 Upon review this court finds that the conditions which the assessor imposed are not rooted in any arbitrary requirement of the assessor. Rather they are founded in the statute which grants the exemption.
This is for the reason that section 420-a of the RPTL does not provide that any and all real property owned by a corporation organized exclusively for educational purposes qualifies for an exemption. Rather the statute qualifies the ownership by such a corporation with the further requirement that such realty be “used exclusively for carrying out thereupon one or more of such purposes either by the owning * * * or by another such corporation”. (RPTL 420-a [1] [a].)
A further condition on exemption from taxation is found in paragraph (b) of subdivision (1) of RPTL 420-a. That paragraph in addition to the exclusive use condition in subdivision (1) (a) adds the further condition that no “officer, member, or employee of the owning corporation * * * shall receive or may be lawfully entitled to receive any pecuniary profit from the operations thereof’.
Essential to a determination here is the question how is it to be determined that the applicant for exemption from taxation under RPTL 420-a meets the conditions and criteria of that statute?
The answer to the question posed lies in two statutory enactments.
First: RPTL 202 (1) (h) provides that the State Board of Equalization and Assessment (SBEA), "[prescribe, and in its discretion furnish to assessors at the expense of the state, forms relating to assessments, including applications for exemption from real property taxation, which forms shall be used by the assessors and the use of which shall be enforced by the board”.
Pursuant to the direction of RPTL 202 (1) (h) the SBEA has prepared and published two initial tax exemption forms for applicants seeking exemption under RPTL 420-a. It has also prepared annual renewal forms. The forms prescribed are to be completed, verified and filed by the applicant with the appropriate town assessor. (9 NYCRR 190-1.4.)
Also by regulation the SBEA has directed that all assessors retain on file properly completed application forms for an exemption entered on the assessment roll, whenever the SBEA has prescribed an application form. (9 NYCRR 190-1.4.)
The forms prescribed by the SBEA pursuant to the direction *1061 of the Legislature are two in number. The first is entitled "I Organization Purpose” and is numbered EA-420-a-ORG. The second is entitled "II Property Use” and is numbered EA-420a/EA-420-b VSE.
A perusal of the forms clearly indicates that they are designed to provide the assessor with sufficient information to determine the eligibility of the applicant for tax-exempt status. The forms also provide the date upon which the same are to be filed with the assessor. The date for filing is by the assessing authority’s "taxable status date.” In Cattaraugus County that date is March 1. The importance of the filing date for exemption application forms relates directly to the date which the law mandates the assessor to complete his tentative assessment roll, viz., May 1. (See, RPTL 506 [1].)
In sum the statute and the regulation recognize that the assessor must have the information concerning exempt property in order to perform his duties of determining what properties in the jurisdiction are to bear the tax imposed and in what amount. It is to that end that the statute and regulations impose the duty of furnishing the requisite information on the applicant seeking the exemption. (9 NYCRR 190-1.4 [c] [1].)
However, recognizing the mandatory aspects of the tax exemption provided under RPTL 420-a the SBEA by recent amendment to its regulation (Jan. 27, 1986, eff Feb. 17, 1986) has provided for a second method of determining the existence of criteria for exempt status. It has provided that if no form has been provided by the applicant, that then the assessor is to examine the property to determine whether or not the eligibility requirements of RPTL 420-a have been met. (See, 9 NYCRR 190-1.4 [c].) If such examination has been made and the assessor is satisfied that the requirements of RPTL 420-a have been met, he is to file a certified statement indicating that all statutory requirements to satisfy eligibility for exemption under section 420-a are present. In contrast to paragraph (1) imposing an obligation on the applicant, this section, viz., 9 NYCRR 190-1.4 (c) (2), imposes an obligation on the assessor.
It is uncontested that the respondent assessor performed his duties under the regulation. The petitioner having failed to file the required forms, the assessor visited the real property in issue. Such realty consisted of 285 acres primarily of wooded land. Four buildings are located on the property. These consist of two lodges for sleeping accommodations and *1062 one general purpose building. Only one additional building is occupied. It is a mobile home where a caretaker resides.
From his inspection of the real property the assessor was unable to determine its eligibility for exemption and he so noted that fact. It is completely understandable to this court that the physical condition of the real property would not disclose on inspection that it was used exclusively for educational purposes as alleged by the petitioner. To draw such a conclusion would require both clairvoyance and omniscience on the part of the assessor. Though astute, this court takes judicial notice that he is lacking in both capacities.
It is this complete lack of identity of purpose and use of the land that points up the need for the completion of the forms required by the regulations. The knowledge of the use of the land here lies exclusively with the owner. It is upon the owner that the regulation imposed the obligation of disclosing the information requisite to a determination of eligibility for tax exemption.
Nothing in this proceeding is more important to note than the fact that the petitioner owner herein not only failed to file the requisite forms before the assessment roll was completed, by the assessor, but failed to file such forms on the day fixed for tax grievance and has failed to file such forms even to the date of this decision.
The fact that an exemption was granted in a prior year by a previous assessor is not binding on the assessor, respondent here. The burden remains on the taxpayer to establish the exemption for the current year. (Welch v City of Utica, 107 Misc 2d 745; Matter of F.O.R. Holding Co. v Board of Assessors, 45 AD2d 875 [2d Dept 1974], appeal dismissed 35 NY2d 959 [1974]; People ex rel. Watchtower Bible & Tract Socy. v Haring, 286 App Div 676 [3d Dept 1955]; People ex rel. Hilton v Fahrenkopf, 279 NY 49 [1938].)
This court finds it to be settled law that while statutes levying taxes are construed in favor of a taxpayer, the opposite occurs as to tax exemptions. Tax exemption statutes are to be construed in favor of the governmental entity and against the taxpayer. It is the taxpayer who has the burden of establishing entitlement to exemption. (Mobil Oil Corp. v Finance Adm’r, 58 NY2d 95, 99 [1983]; Matter of Koner v Procaccino, 39 NY2d 258, 264 [1976].) The general principle noted was applied to nonprofit corporations seeking to exempt their real property as in the instant case. (See, Matter of Long *1063 Is. Found, for Educ. & Jewish Research v Michael, 97 AD2d 843, 844 [2d Dept 1983], appeal denied 62 NY2d 602 [there the court stated "(p)etitioner bore the burden of establishing entitlement to exemption from real property taxation”]; to the same effect see, Matter of F.O.R. Holding Co. v Board of Assessors, 45 AD2d 875, appeal dismissed 35 NY2d 959, supra; and Association of Bar of City of N. Y. v Lewisohn, 34 NY2d 143, 153 [1974].)
It is stated that "[m]andamus or a proceeding in the nature of mandamus is purely a statutory remedy whose function is to compel the doing of an act by a public officer or body where the act is required by law to be performed.” (23 Carmody-Wait 2d, NY Prac § 145:79, and cases cited.)
It has also been stated that relief by mandamus may be refused where the public interest will be injuriously affected or it will cast on the respondent an excessive burden. (People ex rel. Schuyler v Town of Angelica, 232 App Div 718 [4th Dept 1931].) The noted general principle has even been extended to permit a court to refuse mandamus if such an order would cause disorder and confusion in public affairs even though there may be a strict legal right. (See, Matter of Andresen v Rice, 277 NY 271, 282 [1938].)
In the judgment of this court the enactment of the Legislature directing the SBEA to formulate regulations referable to exemption from taxation together with the adoption of such regulations by SBEA were to obviate the very problem presented, viz., the creation of an unnecessary burden on the taxing municipality. For it is clear that once the amount of revenue required by taxation for the municipality is fixed and such amount is spread by assessment on the real property in the municipality, there is no other means available to the municipality to raise the requisite revenue for governmental operations other than by debt financing, e.g., the issuance of bonds or tax anticipation notes. This court takes judicial notice that such requirement is both time consuming to governmental officials and expensive to taxpayers.
In the opinion of this court the failure of an applicant for the exempt status to file required forms disclosing that application is properly made for tax exemption should not impose an untoward and wholly unnecessary obligation on the taxing authority to subsequently grant the exemption especially at a time when the assessment roll cannot be corrected and alternate means to raise the revenue lost by the alleged exemption is required.
*1064 Accordingly, this court holds that in those instances where an on-site inspection by an assessor fails to disclose the tax-exempt status of the real property in issue, that then application for exemption is a procedural prerequisite for tax exemption under section 420-a of the Real Property Tax Law.
In so holding, this court notes that RPTL 420-b (7) dealing with the permissive class of tax-exempt property does provide that "an exemption may be granted pursuant to this (RPTL 420-b) only upon application made by the owner of the property on a form prescribed by the state board.” (Emphasis added.) This court disagrees with petitioner that the absence of such a requirement in RPTL 420-a is a basis for distinction. Such argument of petitioner ignores the fact that the regulations enacted by the SBEA pursuant to legislative direction impose an identical condition precedent in RPTL 420-a, if an on-site inspection fails to disclose the tax-exempt status of the realty.
The decision of Williams Inst. Colored M. E. Church v City of New York (275 App Div 311 [1st Dept 1949], affd 300 NY 716, supra) is not contrary to the decision reached in the case at bar. There Special Term had sua sponte inserted into a statute granting a tax exemption to "a corporation or association organized exclusively for * * * religious * * * purposes”, a requirement that the applicant be a "domestic” corporation. In contrast, this court is not creating any requirements. Hopefully, it is enforcing those which the Legislature has imposed.
Neither is the case of Matter of Glickenhaus Found. v Board of Assessors (40 AD2d 1059, 1060 [3d Dept 1972]) contrary to the decision reached herein. While it is true that such case was remanded to Special Term for the purpose of taking proof on the issue of eligibility of the applicant for tax exemption under RPTL former 420, it was done upon a finding that the applicant had failed to follow an unstated "procedure specified in article 5 of the Real Property Tax Law”. Here the petitioner complains that the assessor failed to follow the procedure required under RPTL article 4. The failure of the appellate court to give specificity to the deficiency of the applicant under RPTL article 5 in the Glickenhaus Found, case, leaves its application to the case at bar uncertain. However, even if the same deficiency that existed there existed in the instant case, Matter of Glickenhaus Found. v Board of Assessors (supra) should nonetheless be properly distinguished. This is *1065 for the reason that at the time of the determination of Glickenhaus Found., in 1972, there were no regulations of the SBEA requiring an applicant for tax exemption under RPTL 420-a to file forms disclosing information of eligibility. Such regulations were first enacted and filed October 19, 1982. (See, Historical note to regulations, 9 NYCRR 190-1.4.) Neither was there any direction by the Legislature in 1972 that regulations relating to tax exemption should be enacted. That direction came by amendment adding paragraph (h) to subdivision (1) of RPTL 202 in 1978. (See, L 1978, ch 125, which directed the SBEA to add to its forms those "including applications for exemption from real property taxation”.)
This court emphasizes that the decision in the case at bar is not determined on the bare language of RPTL 420-a as had to be done in Matter of Glickenhaus Found. v Board of Assessors (supra). The decision made today is based upon the language of RPTL 420-a as supplemented and amplified by the legislatively directed and enacted regulations dealing with exemptions from real property taxation. (See, 9 NYCRR 190-1.4 and SBEA forms EA-420-a-ORG and EA-420-a/EA-420-b VSE.) Such regulations being in the public domain were stated by the Appellate Division, Fourth Department, to "have the force and effect of law when reasonable and not in conflict with other law”. (Matter of Jeffers v Duffy, 52 AD2d 730, 731.)
The decision reached by this court is wholly consistent with the opinion of counsel for the State Board of Equalization and Assessment which stated that "accordingly, an assessor who grants a non profit exemption without having a properly completed renewed application form on file has failed to comply with a provision of the rules of the State Board.” (See, 8 Opns Counsel SBEA No. 51 [Jan. 21, 1981].)
Holding as this court has done that the completion of an application for exemption is a procedural prerequisite to the granting of a tax exemption under RPTL 420-a in those instances when an on-site inspection by an assessor does not disclose the qualifications and criteria for exemption, there is no need to consider the argument of counsel on the eligibility for exempt status of the real property in issue.
For all of the reasons stated the petition is dismissed and a judgment in favor of the respondent shall be entered as a final determination of the article 78 proceeding. (See, CPLR 7806.)